SCHOOL DISTRICT NUMBER TWO OF SALINE COUNTY, PLAINTIFF IN ERROR, v. THE BOARD OF COUNTY COMMISSIONERS OF SALINE COUNTY, DEFENDANT IN ERROR.

**School Funds:** COUNTY TREASURER: DISTRIBUTION. Under the law, since the constitution of 1875 took effect, license moneys are devoted to the support of common schools; and it is the duty of the treasurer of each county to take all proper measures to secure to each district the amount to which it is entitled. But the county is in no way answerable for the acts of the treasurer in respect of this duty.

ERROR to the Saline county district court.

In the years 1876, 1877, and 1878, the treasurer of the city of Crete collected the sum of $3,700 as license money for the sale of intoxicating liquors, under ordinances of said city passed pursuant to the city's general powers and the authority of chapter 53 of the criminal code. This sum of money, in different sums, at different times, said city treasurer turned over to the county

treasurer, who placed it to the credit of the school fund, and disbursed the same in the manner practiced prior to the adoption of the state constitution of 1875.

The city of Crete is a city of the second class, of less than 2,000 population. The plaintiff is a school district which includes all the area and population of the said city of Crete. The plaintiff demanded the money of the defendants. From the refusal of the board of county commissioners, plaintiff appealed to the district court, which sustained defendant's demurrer to the petition and dismissed the cause.

*True & Dougherty*, for plaintiff in error.

If plaintiff is entitled to sue for this money, the right to recover is sustained by reason and by the following authorities: *Adm'rs of Dumond v. Carpenter*, 3 Johnson, 183. *Union Bank v. Bank*, 3 Mass., 74. *Fowler v. Shearer*, 7 Mass., 14. *Wiseman v. Lyman*, 7 Mass., 288. *Mowatt v. Wright*, 1 Wendell, 355. *Woodward v. Hill*, 6 Wis., 146. *Town of Ripon v. School District*, 17 Wis., 83.

*Hastings & McGintie*, for defendant in error.

LAKE, J.

. The action below was commenced to recover the amount of certain license moneys which, under section 5, article VIII of the constitution of 1875, belonged to the plaintiff, and should have been applied exclusively to the support of its common schools.

But we think the plaintiff has mistaken its remedy. Although the funds in question have been improperly used by the several school districts of the county, their misapplication was a work in which the board of com-

missioners neither took, nor could take, any part whatr ever, and for which the county is in no way liable.

By referring to sec. 72, page 974, Gen. Stat., it will be seen that the county treasurer is intrusted with very large powers respecting school moneys, and is made the special protector of funds designed for the support of schools within his county. It is specially enjoined upon him to "take all proper measures to secure to each ·district its full amount of school funds" from whatever source they may arise. And in this connection it is his duty, when such funds come into his hands, to credit them to the proper district, and on proper application pay them over to the officer of the district entitled to receive them from his hands.

With the management of this business the county commissioners have no voice whatever. They cannot control—nor is the county in anywise answerable for— the acts of the treasurer, either committed or omitted, in respect of these duties. If the county treasurer has misappropriated moneys belonging to the plaintiff, he and his sureties may be liable in a proper action on his bond; but the county very clearly is not liable therefor.

JUDGMENT AFFIRMED.