SCHOOL DISTRICT No. 34, THAYER COUNTY, v. W. L. THOMPSON.

FILED JUNE 3, 1897.   No. 7349.

1. **Liquor License: CANCELLATION: REPAYMENT OF FEE.** Where a liquor license has been issued and is thereafter canceled without fault of the licensee, he is entitled to a repayment *pro tanto* of the sum paid for the unexpired time.

2. **Action for Money Had and Received.** An action in the nature of one for money had and received lies wherever the defendant has obtained possession of money which *ex æquo et bono* he ought to refund; and it is proper to bring the action against the party who has received the money.

3. **License Money: PAYMENT TO SCHOOL DISTRICT: REPAYMENT.** Where license money was paid to a village treasurer and he paid it over to the school district, on cancellation of the license, the licensee may maintain an action against the school district for its repayment.

4. **Res Judicata.** In such case a judgment recovered against the village, being *res inter alios acta,* is not a bar to the action against the school district.

ERROR from the district court of Thayer county. Tried below before HASTINGS, J. *Affirmed.*

*J. B. Skinner,* for plaintiff in error.

*W. E. Goodhue, contra.*

IRVINE, C.

Thompson sued the school district in the county court, recovered judgment, and the school district prosecuted error to the district court, where the judgment of the county court was reversed and the cause reserved for trial. Thereupon Thompson filed an amended petition. A general demurrer to this petition was overruled, and the school district electing to stand on its demurrer, judgment was entered for the plaintiff. This judgment the school district seeks to reverse by this proceeding.

The amended petition alleges that on the 22d of April, 1889, the plaintiff filed with the clerk of the village of Belvidere, in Thayer county, his petition signed by thirty freeholders, residents of said village, wherein he prayed for license to sell malt, spirituous, and vinous liquors in said village; that on the 29th of April he gave bond, and on the 5th of May paid to said village the sum of $500 for said license; that on the 29th of April a license was issued; that on the 5th of May the treasurer of said village "paid to the treasurer of this defendant the amount of money by this plaintiff paid into said treasury of Belvidere for the license heretofore mentioned;" that on the 19th of September the district court issued a *mandamus* to the village board, requiring it to fix a time for hearing

a remonstrance filed against the issuing of the license. Such remonstrance was based on grounds which attacked the jurisdiction or authority of the village board to grant a license under the petition presented; that in pursuance of said writ the village board canceled the license on the 20th of September; that on the 10th of April, 1890, the plaintiff obtained a judgment against the village for $306.60, being the unearned license fee by him paid; that certain payments had been made on such judgment, but $259.27, with interest, remained unpaid; that on the 4th of November the village of Belvidere abolished its incorporation and became dissolved. Plaintiff prays judgment against the school district for the unearned license money less the amount received on its judgment against the village. The question presented is whether this petition states a cause of action.

It is the settled law of this state that where an applicant for a license to sell liquor has paid the license fee and the license is afterwards canceled without fault or act of forfeiture by the licensee, he may recover back a proportionate part of the license fee for the period during which he is not permitted to enjoy the license. (*State v. Johnson*, 12 Neb., 470; *Lydick v. Korner*, 15 Neb., 500; *State v. Weber*, 20 Neb., 467; *Chamberlain v. City of Tecumseh*, 43 Neb., 221.) The general question of the right of the plaintiff to a repayment of his money is, therefore, no longer open to question. May he recover it from the school district under the facts of this particular case? One reason alleged for refusing such recovery is that it nowhere appears from the petition that the defendant school district comprises territory within the former corporate limits of Belvidere. We do not regard this as a material averment, because it is pleaded that the treasurer of Belvidere paid the money over to this school district. This averment traces the money to the defendant, and it is immaterial whether or not it rightly received it.

Another objection urged against the petition is that it discloses no privity between the parties. But in spite

of some statements to the contrary, we doubt whether it is necessary that any such privity should exist in order to maintain an action for money had and received. While this form of proceeding has been abolished by the Code, the substantive legal principle on which the action was based still exists, and by that principle the action lies in any case where the defendant has obtained possession of money which *ex æquo et bono* he ought to refund. Moreover, if privity be necessary it here existed, because the village treasurer in such a case receives the money on behalf of the school district and as its agent. The municipal corporation, of which he is an officer, is not responsible therefor. (*School District v. Board of County Commissioners of Saline County,* 9 Neb., 403.) In *Lydick v. Korner, supra,* it was held that the treasurer was not liable for the payment of the money, but this was because he had paid it into the city treasury before the action was brought; and in *Chamberlain v. City of Tecumseh* it was held that there could be a recovery against the city where the money had been paid to the city. But it did not appear in that case that it had been distributed to the school districts. The result of all the cases is that a recovery may be had against the person who, or corporation which, has obtained possession of the money; and it follows that this petition states a cause of action, averring as it does that the money had been paid over to the school district, unless the judgment against the village operated to defeat the action. We cannot see how this judgment could operate as a bar. If the averments of this petition are true, to the effect that the village treasurer the same day he received the money paid it over to the school district, then it is clear that the judgment against the village was improper. Either the judgment was erroneous or the village failed properly to defend the suit. But how can this defendant avail itself of that? It was not a party to that action, it is not estopped by the record in that case, the fact that judgment was therein rendered against the village would not of itself render the school district liable

over to the village, and the school district is not subjected to the hazard of being compelled to pay the money twice. The proceedings against the village were *res inter alios acta*, and cannot be used in this case as an estoppel by either party.

AFFIRMED.