MCCORMICK HARVESTING MACHINE COMPANY v. J. D. STIRES.

FILED APRIL 9, 1903. No. 12,457.

1. **County Court:** VACATING JUDGMENT AFTER TERM. Under the provisions of section 602 *et seq.* of the Code of Civil Procedure a county court has no power, after term, to vacate its own judgment on the ground that the same is void for want of jurisdiction over the person of the defendant.

2. **Reply.** The reply of plaintiff examined, and *held* not to state a defense to the answer of defendant.

3. **Evidence.** Evidence examined, and *held* insufficient to sustain the judgment.

4. **Action for Money Had and Received.** An action for money had and received will lie, where the defendant has obtained possession of money which in equity and good conscience he ought to refund.

ERROR to the district court for Platte county: J. A. GRIMISON, DISTRICT JUDGE. *Reversed.*

*Harry O'Neill* and *William O. Gilbert,* for plaintiff in error.

*James G. Reeder* and *J. D. Stires, contra.*

KIRKPATRICK, C.

This is an action for money had and received, brought by J. D. Stires, defendant in error, against the McCormick Harvesting Machine Company, plaintiff in error, in the district court for Platte county. The petition alleged that in January, 1896, one Stores was indebted to one M. E. Beerbower in the sum of $300 on a certain lease executed by Beerbower to Stores upon a farm in Nance county belonging to the former; that on June 26, 1896, Beerbower, for a valuable consideration, assigned the lease and all of her rights thereunder to Stires, Stires ever since then remaining the owner of all the rights of Beerbower in and to the money due under the lease; that in August, 1896, Stores paid the amount of his indebtedness to Beer-

bower to the McCormick Harvesting Machine Company
for the use and benefit of plaintiff, Stires; and that the
defendant, the machine company, neglected and refused
to account for and pay over to plaintiff the sum of money
received from Stores. There was prayer for judgment in
the sum of $300, with interest. To this petition an
answer was filed by plaintiff in error, admitting that
Stores was indebted to M. E. Beerbower in the amount
alleged, which sum, however, was subject to a discount if
payment was made when due; denied the assignment of
the lease by Beerbower to defendant in error, and pleaded
that on May 11, 1896, it recovered a judgment against
Beerbower in the county court of Platte county in the sum
of $234.10, with costs of action taxed at $10.45; that it
procured a transcript of the judgment to be filed in the
district court for Nance county, and caused a summons in
garnishment to be duly issued and served upon Stores,
commanding him to appear in the district court for
Nance county and answer concerning his indebtedness to
Beerbower; that Stores appeared pursuant to summons,
admitting his indebtedness to Beerbower in the sum men-
tioned in the answer; that subsequently, and on December
27, 1897, the district court made an order directing Stores
to pay over the amount due from him to Beerbower to the
clerk of the district court, and directed payment to plain-
tiff in error herein of the sum due it on its judgment; that
the money was accordingly paid over to plaintiff in error
by the clerk, and it receipted therefor. In addition to these
allegations, the answer denied generally all other allega-
tions of the petition. Replying to this answer, defendant
in error pleaded that the judgment mentioned in the
answer of date May 11, 1896, was by the county court of
Platte county on August 31, 1896, duly vacated and set
aside, and that all proceedings had thereunder in the dis-
trict court for Nance county were without authority of
law, fraudulent and void. Trial resulted in a judgment
generally for defendant in error, from which this proceed-
ing is prosecuted.

Various errors are predicated upon the proceedings had in the trial court, not all of which require consideration. The record discloses that the action by plaintiff in error against M. E. Beerbower in the county court was one charging defendant therein as indorser upon two promissory notes. Judgment was rendered for plaintiff therein. From certain proceedings had in the county court, a transcript of which forms a part of the bill of exceptions herein, it appears that Mrs. M. E. Beerbower, on May 11, 1896, and prior thereto, was absent from the state; that a constable, who was directed to serve the summons, delivered the same to P. W. Beerbower, husband of M. E. Beerbower, and made return of summons showing due personal service upon the defendant in the action. It is further disclosed by those proceedings that P. W. Beerbower employed counsel, who assumed to appear in the case for Mrs. M. E. Beerbower, filing an answer, litigating the case upon its merits, judgment going, as stated, for plaintiff. These facts are set out in a petition filed by Mrs. Beerbower in July, 1896, in the county court, and also in certain affidavits filed in support thereof; the object and prayer of the petition being to have the judgment of May 11 vacated and set aside, the ground alleged being that due service of summons was never had upon M. E. Beerbower, and that she never had notice of the action, and that she had a good and valid defense thereto. The harvesting machine company appeared and answered, admitting that M. E. Beerbower was the wife of P. W. Beerbower, denied all the other allegations of the petition, and pleaded want of jurisdiction in the county court to entertain the petition of M. E. Beerbower. It seems that evidence was taken, trial had, and on August 31, 1896, the county court entered a judgment purporting to vacate and set aside the judgment rendered by it May 11, 1896. In the action under review in this proceeding, evidence of the action of the county court, vacating the judgment of May 11, was admitted over objection of plaintiff in error, the ruling of the trial court thereon being assigned as error.

The jurisdiction of the county court to vacate its own judgment entered May 11, 1896, if it exists, must be found in the third subdivision of section 602 of the Code of Civil Procedure, "for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order." Was the judgment of May 11, if entered without service of summons, and therefore without jurisdiction of the person of defendant, a judgment irregularly obtained within the meaning of the language quoted? We are of opinion that it is not. In order that the county court might have jurisdiction to vacate the judgment of May 11 the latter must have been a judgment. If the court had no jurisdiction over the person of the defendant, it is apparent that the judgment it assumed to enter was absolutely void. A plain distinction exists, running through all the authorities, between a judgment absolutely void for want of jurisdiction over the person or subject-matter and a judgment rendered by a court with jurisdiction, but because of some mistake or irregularity in obtaining it the judgment is voidable. We do not think that section 602 was intended to apply where no valid judgment had in fact been entered, and where the proceedings of the court are absolutely void for want of jurisdiction. In discussing this question, 1 Black, Judgments (2d ed.), sec. 170, it is said: "Now a 'void' judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one."

In our conclusion that section 602 has no application to void judgments, we are supported by the prior decisions of this court. *Kauffmann v. Drexel*, 56 Neb. 229.

It follows from what has been said that the county court was without jurisdiction to vacate its own judgment at the time it attempted to do so. And, if its action in that regard was wholly void, the record of its proceedings supplied no competent evidence that the judgment of May 11, in favor of plaintiff in error, was a nullity. Consequently, the reply of defendant in error, pleading the action taken by

the county court, failed to state a valid defense, and evidence of those proceedings was insufficient to entitle defendant in error to any relief. It follows that the judgment of the trial court must be reversed, because not sustained by any competent evidence.

Defendant in error in the lower court litigated his case upon the mistaken assumption that the action of the county court in its attempted vacation of the judgment of May 11 was valid, and, therefore, the record of that action was competent to show the nullity of the judgment upon which plaintiff in error based its claim to the money. On the contrary, if the judgment was in fact void, defendant in error should have tendered that as an issue, and established the same by competent proof. As stated in 1 Black, Judgments (2d ed.), sec. 170: "It is not necessary to take any steps to have it (a void judgment) reversed, vacated, or set aside. But whenever it is brought up against the party, he may assail its pretensions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral." We are accordingly of the opinion that defendant in error should be permitted, if he so desires, at the retrial of this cause, to amend his reply by pleading that the judgment of May 11 is void.

Inasmuch as this case must be tried again, one other question requires determination, namely, whether in this case an action for money had and received will lie. The rule supported by the better authorities is that an action for money had and received may be maintained for the recovery of money which the defendant ought in equity and good conscience to give over to the plaintiff. It is stated in the following language by our own court: "An action in the nature of one for money had and received lies wherever the defendant has obtained possession of money which *ex aequo et bono* he ought to refund; and it is proper to bring the action against the party who has received the money." *School District v. Thompson*, 51 Neb. 857.

The rule is well sustained: *O'Conley v. City of Natchez*, 1 Smed. & M. (Miss.) 31, 40 Am. Dec. 87; *Lime Rock Bank v. Plimpton*, 17 Pick. (Mass.) 159, 28 Am. Dec. 286; *O'Fallon v. Boismenu*, 3 Mo. 405, 26 Am. Dec. 678; *Goddard v. Bulow*, 1 Nott & McC. (S. Car.) 45, 9 Am. Dec. 663.

If the judgment of May 11, 1896, obtained by plaintiff in error, is void, we are of opinion that an action for money had and received will lie for the recovery of the money plaintiff in error procured by virtue of its garnishment process.

It is, therefore, recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings, with permission to defendant in error, if he so desires, to amend his reply.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings, with permission to defendant in error to amend his reply.

REVERSED AND REMANDED.