ESTATE OF ELIAS P. DEVRIES, DECEASED, v. LAURA HAWKINS, GUARDIAN OF LOIS DEVRIES, A MINOR.

FILED DECEMBER 16, 1903. No. 13,272.

1. **Parol Trust.** A trust in personal property may be created by parol.

2. **Assumpsit.** Wherever one person has money to which in equity and good conscience another is entitled, the law creates a promise by the former to pay it to the latter and the obligation may be enforced by assumpsit.

3. **Trust:** ACTION AGAINST ESTATE. Where a son constituted his father beneficiary in a fraternal life insurance beneficiary certificate for the purpose of indemnifying the father against loss by reason of having signed an obligation for the son, and afterwards the liability of the father is discharged by the son, and a request made by the son that the money named in the certificate go to his infant daughter, which was agreed to by the father, and after the death of the son the father collects the money as beneficiary, and after its receipt declares that it is for the child and that it is to go to her, these facts constitute the father a trustee of the fund for the use and benefit of the child. The fund still being in his possession at the time of his death, the same may be recovered from his estate by the child in an action for money had and received.

ERROR to the district court for Washington county: GEORGE A. DAY, JUDGE. *Affirmed.*

*W. C. Walton, D. Z. Mummert* and *Frank Dolezal,* for plaintiff in error.

*T. W. Blackburn, contra.*

LETTON, C.

The evidence in this case shows that in 1902 Henry O. Devries, who was then engaged in business in Omaha, Nebraska, carried three benefit certificates in the Bankers Life Association of Des Moines, Iowa, in the sum of $2,000 each, payable to his then wife, Flora Devries. That soon after that time his wife Flora Devries departed this life, and that afterwards he procured a change of beneficiary in each of the three certificates, ultimately making one of said certificates payable to his son, Wallace Olin Devries, another one payable to his second wife, Emma O. Devries, and a third to his father, Elias P. Devries. Some time prior to the change by which his father, Elias P. Devries, was made beneficiary of one of the certificates, Henry O. Devries had procured from the president of the Randolph National Bank of Vermont, a loan of $2,000, upon a note signed by Elias P. Devries and indorsed by Henry O. Devries; the money realized upon the note being for the use and benefit of Henry O. Devries. In order to secure Elias P. Devries against liability upon said note, Henry O. Devries caused his name to be inserted as beneficiary in the $2,000 certificate, before mentioned, and it was agreed that this was to be held by his father as security for his liability upon said note. Subsequently the affairs of the Globe Loan & Trust Company of Omaha, of which Henry O. Devries was president, became somewhat involved. The father became anxious and uneasy for fear he would be compelled to pay the note to the Randolph National Bank and, in order to quiet his father's mind and satisfy the debt, Henry O. Devries made a conveyance of certain real estate in the city of Omaha to the Randolph National Bank, and turned over certain collateral paper, and by this means procured the cancelation of his father's

note. Soon after this the health of Henry O. Devries gave way and in February, 1900, he died. Prior to his death, however, he had a conversation with his father in which he reminded his father of the insurance money being given him as collateral and said, "It has not been changed back yet but, if I don't get well, you remember that that money must go to the baby"; and his father said, "Yes, he would see that it went there." In June, 1897, a daughter, Lois Devries, the ward for whom Laura Hawkins, guardian in error, is acting, was born to Henry O. and Emma O. Devries. After the death of Henry O. Devries, the Bankers Life Insurance Company paid the full amount due upon each of the certificates to Wallace Orin Devries, Emma O. Devries and Elias P. Devries, respectively. After the payment of the amount due upon the certificate, to wit, $2,029 to Elias P. Devries, Emma O. Devries testifies that in a conversation with Elias P. Devries he spoke of Oscar's (Oscar being the usual family name of Henry O. Devries) life insurance going to him, temporarily, and another time stating that he had received $2,000 and adding, "you know, of course, it is to go to the baby at my death." Mrs. Emma O. Devries further testifies that she saw Elias P. Devries several times about it and that he never failed to mention the same. He always spoke of it either as Oscar's life insurance or as the baby's money. That he consulted with her with reference to the investment of part of the $2,000, and said that he did not want to make any investment with the money, because it was for the baby, and he said, "I want your approval first, because the money will ultimately go to her." After the death of Elias P. Devries in September, 1901, his son, J. S. Devries, was appointed administrator of his estate in the county court of Washington county. A claim was filed against the estate by Emma O. Devries, as guardian of Lois Devries, for the sum of $2,000 for money had and received, being the proceeds of the $2,000 certificate. The administrator objected to the allowance of the claim, for the reason that said claim "as filed is not a proper and

legal charge against said estate and denies that said estate is indebted to said claimant in any sum whatever." A hearing was had, and the claim was rejected. An appeal was taken to the district court for Washington county. Pleadings were filed and the case was tried upon the same issue as raised in the county court, to wit, as a claim for money had and received, with a general denial for answer. Pending the proceedings in district court, Emma O. Devries resigned as guardian of Lois Devries, and Laura Hawkins was substituted as plaintiff. The district court found for the plaintiff and directed the county court to enter an order allowing the claim. The case is brought to this court upon error from the district court for Washington county.

It is urged by the plaintiff in error that the decision of the court in favor of the defendant in error is not sustained by sufficient evidence. As to this, it is sufficient to say that the findings of the trial court are entitled to the same weight as the verdict of a jury, and that its findings of fact will not be disturbed unless clearly unsupported by the testimony. We have no doubt the evidence is sufficient to support the findings.

Defendant in error insists: First, that no recovery can be had under the facts in the case upon a claim for money had and received. Second, that, even if the money were not the property of the estate of Elias P. Devries, no one but the administrator of the estate of Henry O. Devries could recover. Third, that Henry O. Devries had no property or title, during his life, in the money named in the certificate, but had only the right to have his contract with the association carried out as to assessment of members and payment of resulting money to his beneficiary.

We agree with the plaintiff in error that Henry O. Devries had no vested interest in the money provided for by the beneficiary certificate, and we further assent to the proposition that, assuming that the money was not the property of the estate of Elias P. Devries but was the property of the estate of Henry O. Devries, no one but the

administrator of the estate of Henry O. Devries could recover.

But the case, as we view it, can not be decided upon these principles. It is a well settled principle that wherever one person has money to which in equity and good conscience another is entitled, the law creates a promise by the former to pay it to the latter and the obligation may be enforced by assumpsit. *School District v. Thompson,* 51 Neb. 857; Clarke, Contracts, sec. 317; *Lockwood v. Kelsea,* 41 N. H. 185; *Walker v. Conant,* 65 Mich. 194. The action, though falling under the common law class of assumpsit, is really in the nature of a bill in equity and lies whenever the party should by equity and natural principles of justice refund the money. *Merchants' & Miners' Nat. Bank v. Barnes,* 18 Mont. 335, 56 Am. St. Rep. 586, and cases cited in note; *Lanford v. Lee,* 119 Ala. 248, 72 Am. St. Rep. 914.

It appears from the evidence that Elias P. Devries was constituted the beneficiary in the insurance certificate, for the sole purpose of indemnifying him from any loss which he might suffer by reason of his having signed the $2,000 note of his son to the Randolph National Bank, and that, after he was released from all liability upon this obligation and during his son's lifetime, he recognized the fact that his son desired the money to go to the child and assented to the request that the money should go to "the baby." Sufficient time intervened, between the time of this declaration upon his part and the death of his son Henry O. Devries, for his son to have changed the name of the beneficiary from that of Elias P. Devries to that of Lois Devries, had he been informed by the father that he would not hold the money for the child. But, upon the assent of the father that the money should go to the child, he apparently dismissed the matter from his mind and took no further steps to secure the fund to his daughter.

After the death of Henry O. Devries, and after he had received from the Bankers Life Insurance Company the full amount of the certificate, Elias P. Devries recognized

the moral and equitable obligation he was under to pay this fund to Lois Devries, by agreeing with her mother that the money should go to Lois, and by consulting and advising with the mother in regard to the investment of the fund.

In September, 1901, Elias P. Devries died with part of the money and the securities in which the remainder had been invested still in his hands. The statute of frauds has no application since the trust fund was personalty. *Eip-per v. Benner*, 113 Mich. 75, and cases cited. In the case of *Woodruff v. Tilman*, 112 Mich. 188, the facts were, that Tilman borrowed of one Reh the sum of $150. Tilman was a member of the Ancient Order of United Workmen, in which he held a beneficiary certificate of $2,000. He made a will devising the beneficiary certificate to his wife, the defendant in the case, and providing that his wife should pay to Charles Reh out of the $2,000 certificate the amount due Reh. Payment of the amount being refused, Reh brought a bill in equity to compel the payment of the amount due. The defendant's answer admitted substantially the allegations of the bill, but claimed that no change in the beneficiary named in the certificate was ever made by Tillman and that she was the beneficiary. Under these circumstances, the court held that the creditor was entitled to maintain his action and entered a decree in his favor. See also *Hainer v. Iowa Legion of Honor*, 78 Ia. 245. In this case, as in the case at bar, the creditor could claim no right to the fund while in the hands of the insurance company. He did not claim that any relations existed between himself and the company that gave him a right to the fund as against it, but based his recovery on an equitable right to the fund after its receipt by the beneficiary.

Lois Devries has no rights against the insurance company; her only right to the fund arises by reason of the manner of its acquirement by Elias P. Devries and his actions and declarations with reference to it when it reached his possession.

In *Calder v. Moran*, 49 Mich. 14, the facts were: Thomas Moran held a piece of land by a deed absolute in form; he sold the same and received and held the proceeds; the complainants alleged that he held the land in trust for them by a parol agreement and that, both before and after he sold it, he made repeated oral declarations of the trust and also that, by his words and conduct after the sale, he acknowledged he held the proceeds in trust for the complainants. The court say:

"The fact that defendant held the land on an oral understanding that the whole benefit of it should inure to complainants' father and his family, and that the defendant repeatedly declared and acknowledged the trust, would avail nothing. Neither would the fact of holding the proceeds subsequent to the conversion have been of any consequence to render the defendant liable. Yet the conversion having actually taken place, and the defendant having fully and distinctly declared the proceeds to be in trust for complainants, and having recognized his duty and their right by his acts, may not the antecedent fact that the land, according to his own statements and confessions, was taken and held in the same way, be allowed to operate as a good consideration in conscience to uphold his declarations and admission by conduct relative to the personal proceeds of the land, and fix upon him the character of a responsible trustee of that personalty? No writing is required for a trust in such property and no good reason is perceived for a negative reply to this question."

Upholding the same principle is *Eipper v. Benner*, 113 Mich. 75, and cases cited therein.

This principle applies to the case under consideration. Elias P. Devries had no vested interest in the certificate, but a mere expectancy, liable to be defeated at any time by a change of beneficiary made by Henry O. Devries with the consent of the insurance company. Henry O. Devries had the right of disposal of the fund to any one within the class of relatives allowed by the rules of the

insurance company, among whom was his daughter Lois Devries. He could have taken the right to receive the fund from Elias P. Devries at any time during his lifetime, but apparently relying upon his father's promise, and perhaps induced thereto by the close family relations existing betwen himself and his father, he made no written request to the insurance company for a change of beneficiary. Only a few months intervened between his conversation with his father as to the change of beneficiary and his death, and he was suffering from his last illness at the time of the conversation.

These facts, together with the acknowledgment and declaration by Elias P. Devries, after the receipt of the money, that it belonged to the child, determine the relation of Elias P. Devries to the fund in question, and whatever the status of the case might have been before the acknowledgment by Elias P. Devries that the money received from the insurance company belonged to the child, we are of opinion that the entire transaction, together with the declarations, constituted him a trustee of the fund for the use and benefit of the child, and that his estate is liable to account for the same under a claim for money had and received to the use and benefit of Lois Devries.

For these reasons, we recommend that the judgment of the district court be affirmed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.