Bank of Benson v. Swanson.

---

BANK OF BENSON, APPELLEE, V. GEORGE SWANSON, AP-
PELLANT.

FILED FEBRUARY 16, 1922.   No. 21708.

1. **Petition**: CONSTRUCTION: ACTION ON OVERDRAFT. In an action to recover for an overdraft due to an error in crediting a deposit, the petition examined, and *held* not to allege that the item in question was deposited by defendant.

2. **Appeal**: DIRECTION OF VERDICT: PRESUMPTION. In a trial result-ing in a directed verdict, the presumption that a court only considers competent evidence in reaching its conclusion applies.

3. ————: ————. Evidence examined, and *held* that any errors made in the admission thereof could not have prejudiced the defendant, and that the competent evidence introduced justified the direction of a verdict against defendant.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE.   *Affirmed.*

*G. W. Shields,* for appellant.

*D. L. Johnston* and *Ray J. Abbott, contra.*

Heard before MORRISSEY, C.J., ALDRICH, FLANSBURG and ROSE, JJ., BROWN and ELDRED, District Judges.

BROWN, District Judge.

The plaintiff bank sued the defendant in the district court for Douglas county to recover for an alleged over-draft of $222.95, and on a directed verdict recovered judg-ment for the full amount.   The defendant has appealed,

and urges that, in the state of the pleadings, the trial court erred in admitting evidence to show that a certain deposit of $352.18 appearing in the defendant's account under date of July 22, 1918, had been credited thereto by mistake.

In its petition, after alleging its corporate capacity, and that the defendant became a depositor in its bank on August 24, 1917, the plaintiff alleges: "Thereafter on various and sundry dates he deposited with the plaintiff various sums of money to be credited to his said account down to the 19th day of August, 1918, and during said time drew numerous checks upon the plaintiff to be charged to his account; that all of the deposits made by the defendant were credited to his said account, and the checks by him drawn charged against the same, and said account thereby was overdrawn on the 7th day of November, 1918, in the sum of $222.95. A copy of which account is hereto attached and marked 'Exhibit A.'" Then follows an allegation that no part of said overdraft has been paid and a prayer for judgment. The defendant's answer to this petition "denies each and every allegation therein contained, except such as are hereinafter specifically and expressly admitted." The admissions following this general denial do not admit the correctness of the account as shown by "Exhibit A," or any specific portion of it.

The president of the plaintiff bank testified that when it was discovered that an error had been made in crediting the defendant's account on July 22, 1918, with a deposit of $352.18, a charge item was made against his account for an equal amount, which left an overdraft for the amount for which plaintiff brought suit. The defendant testified that he never drew a check on his account for the $352.18 charged to it, but he did not testify that he ever deposited with plaintiff such a sum.

The defendant contends that, "Exhibit A" being a part of the petition, the allegations thereof assert or

admit that the defendant had deposited the item of $352.18 in question. We do not so understand the language of the petition. It alleges "that all of the deposits made by the defendant were credited to his said account, and the checks by him drawn charged against the same." This falls far short of alleging that every item of deposit appearing in "Exhibit A" was made by the defendant. It simply asserts that the defendant received credit for every deposit that he actually made. But, even if the construction placed upon the petition by the defendant were correct, his answer denied all of the items, both credit and debit, in the account sued upon. This cast the burden upon the plaintiff to establish all of the items. No attempt was made on the trial by the plaintiff to prove that the defendant deposited the item of $352.18 in question, in fact most of its evidence was devoted to showing that the crediting of this item to the defendant's account was a mistake and how it occurred. As we have seen, the defendant offered no evidence to establish that he ever deposited this item. There being no evidence from any source to support the allegation that the defendant had deposited this item, even if the petition were to be construed as making such an allegation, the plaintiff's case as to it must have failed and the court have been forced to disregard it as an item to be credited to the defendant.

It is possible that the plaintiff went further than was necessary in offering evidence to prove its case and that the court erred in admitting certain of the evidence offered, but, if so, the defendant could not have been prejudiced. At the conclusion of the introduction of evidence by both parties, the court sustained plaintiff's motion for a directed verdict. There was ample competent and relevant evidence to justify the action of the court, and, under the familiar rule that a court will not be presumed to have given consideration to incompetent evidence, the admission of any such evidence

during the progress of the trial could not have prejudiced the defendant.

As no prejudicial error appears in the record and the judgment of the district court was right, it is

AFFIRMED.