CARL V. SIMON ET AL., APPELLEES, V. ELSIE SIMON,
APPELLANT.
5 N. W. (2d) 140

FILED JULY 24, 1942. No. 31393.

 

*Gerald M. Mullen* and *John C. Mullen*, for appellant.

*J. H. Falloon, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a suit in equity by Carl V. Simon, Leonard E. Simon and Clarence A. Simon, plaintiffs, against Elsie Simon, defendant, to require the latter to account for a fund of $4,263.84, to which plaintiffs and Harry F. Simon, deceased husband of defendant, contributed in equal amounts for mutual purposes. The contributors to the fund were four brothers who were sons of Frank Simon. They were his sole heirs. Defendant was the only heir of her deceased husband, Harry F. Simon.

The father and his sons, Harry F. Simon, Clarence A. Simon and Leonard E. Simon, had conducted at Falls City a wholesale grocery business in the name of the Falls City Mercantile Company.

The petition alleges that a fund of $4,263.84 was established by each brother contributing one-fourth of it; that it was put into the hands of Harry F. Simon; that the four brothers orally agreed the money in the fund should be used to pay any federal inheritance tax levied against them or any of them and to pay any charities, upon which they agree among themselves, until such time as by mutual agreement the fund or the remainder thereof should be divided equally among them; that Harry F. Simon, to whom the fund had been entrusted by his brothers, died January 10, 1940, while in possession of it or of the remainder thereof; that defendant, the widow and sole heir of Harry F. Simon, took possession of the fund or of the money remaining therein, not as executrix of her deceased husband's estate, nor did she account therefor to his estate as executrix, but took possession of the fund, or the remainder thereof, as an individual

and retains the money as her own and refuses upon demand to account therefor; that defendant made payments under the original agreement of the four brothers to the extent of $543.02 and is indebted for the remainder, or for $3,720.82; that plaintiffs are entitled to three-fourths of this sum and the estate of their deceased brother to one-fourth. There is a prayer for an accounting and for a distribution.

The answer to the petition contains a general denial. Other defenses pleaded in detail may be summarized as follows: It is alleged that defendant herein previously brought an action against Clarence A. Simon, Leonard E. Simon and the Falls City Mercantile Company for an accounting wherein the claim of plaintiffs herein was settled; that Frank Simon died December 1, 1938, and that Harry F. Simon was appointed executor of his will; that he qualified as such, settled his father's estate and received from the estate $4,263.84 as his lawful fees for his services as executor; that he never signed any instrument in writing agreeing to pay his fees for services as executor or any part thereof to any one else and that any such agreement, if made, was without consideration and void under the statute of frauds; that the estate of Harry F. Simon was settled in the county court of Richardson county and that an order therein barring claims included the claim of plaintiffs herein, which was never filed therein against his estate, plaintiffs being thus estopped to prosecute this action.

In a reply to the answer, unadmitted allegations therein were denied, and it was alleged by plaintiffs that their claim herein was not settled in the former action and that the parties to the two actions were not the same; that by agreement among the four sole heirs of Frank Simon, deceased, no charges were to be made for any one acting as executor of his will; that all the heirs agreed to and did perform services in settling their father's estate; that the $4,263.84 was by agreement placed in a fund to pay obligations of all, any remainder to be divided among them; that this fund was not listed as an asset of the estate of Harry F. Simon, deceased, in the settlement of his estate.

Upon a trial of the cause the district court found the issues in favor of plaintiffs; found that plaintiffs and Harry F. Simon created the fund of $4,263.84, belonging in equal shares to all of them; that payments therefrom were properly made by defendant to the extent of $543.02, leaving in the fund retained by her a remainder of $3,720.82 belonging to the three plaintiffs and defendant; that plaintiffs are entitled to recover from defendant three-fourths of the remainder, or $2,790.62. From judgment therefor defendant appealed.

In an elaborate brief and by oral argument counsel for defendant presented the defenses pleaded in her answer as grounds for reversal of the judgment below. It is contended that the pleadings and proofs are insufficient to show the establishment of a trust or that Harry F. Simon bound himself by a valid contract to divide with his brothers his compensation for his services as executor of his father's will, but this position does not seem to be well taken. There is a rule of equity that "A trust in personal property may be created by parol." *Estate of Devries v. Hawkins,* 70 Neb. 656, 97 N. W. 792. See, also, *Wolf v. Haslach,* 65 Neb. 303, 91 N. W. 283. Within the meaning of this rule, the facts detailed in the petition and already summarized herein are sufficient in equity to plead the creation of a trust, though the "fund" in controversy was not called a "trust fund."

Summarized, the following facts are shown or properly inferred from the testimony of witnesses or from documents: Frank Simon, father of the four sons who were his only heirs, died December 1, 1938. Before making his will, he called before him, one at a time, his four sons and asked each whom he wanted for executor. The result was the selection of the oldest son, Harry F. Simon. The four sons orally agreed among themselves that all of them would perform services in the settlement of their father's estate and that fees for the appointee would not be retained by him. They agreed that a fund of $4,263.84 should be contributed in equal amounts by each and put in the hands of Harry to meet any unpaid federal income taxes assessed against

them and monthly contributions to their father's sister who resided in New York City and any other expenses common to all the sons. It was further agreed that the fund or any remainder thereof should. be distributed equally among them. All performed services in the settlement of their father's estate. The fund was deposited by Harry in a bank in Falls City in a joint account subject to check by himself or his wife, the defendant. The property of the Falls City Mercantile Company passed to the four sons. The estate of the father was settled. Harry F. Simon died January 10, 1940, and defendant, his widow, as executrix of his will, settled his estate, but there was not listed therein the fund in controversy. For years the sister of Frank Simon had been paid from the cash drawer of the mercantile company $15 a month. To reimburse some of such payments, defendant, the widow of Harry F. Simon, paid by check at one time $120 from the fund of $4,263.84, and by another check at another time, for the same purpose, $105. She also paid from the same fund by check for federal taxes $318.02, making a total of $543.02.

In these views of the pleadings and the proofs, the interests of plaintiffs in the remainder of the common fund of $4,263.84 did not belong to Harry F. Simon or to his estate. He held the interests of plaintiffs in the trust property for them for the purposes of the trust. Every person is a trustee who lawfully holds funds of others for the purposes of a trust. *Wright v. Smith,* 23 N. J. Eq. 106; *Nebraska Power Co. v. Koenig,* 93 Neb. 68, 139 N. W. 839. Harry F. Simon was trustee for plaintiffs. He could not and did not transfer their trust property to his wife or to his widow and she could not and did not lawfully take possession of plaintiffs' trust property as her own. She recognized the trust by properly checking part of the trust fund out of the bank for the benefit of all four of the beneficiaries. It follows that plaintiffs did not lose their trust property by failing to file in the county court a claim therefor against the estate of the trustee.

It seems clear that the mutual promises and the equal con-

tributions to the common fund for the benefit of all alike were sufficient consideration for the oral contract creating the trust.

Besides, as shown by a preponderance of the evidence, plaintiffs fully performed the contract on their part by making their contributions to the trust fund and by assisting in the settlement of their father's estate. It was also performed in part by the trustee who made a contribution to the fund and acted as executor of his father's will. It was therefore not void under the statute of frauds.

The evidence is found insufficient to support the defense that the claim of plaintiffs herein was settled in a former action.

The judgment of the district court conforms to the views of the pleadings, proofs and law herein expressed and is

AFFIRMED.