IN RE ESTATE OF ADDIE R. LISCO, DECEASED. DAN J. BOMAN, APPELLANT, V. H. B. OLSON, EXECUTOR OF THE ESTATE OF ADDIE R. LISCO, DECEASED, APPELLEE.

64 N. W. 2d 310

Filed May 7, 1954. No. 33515.

*Neighbors & Danielson,* for appellant.

*Warren E. Van Norman, Van Pelt, Marti & O'Gara,* and *Warren K. Dalton,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This appeal involves a claim for $1,000 against the estate of Addie R. Lisco, deceased. It was appealed to the district court where trial was had. It resulted in a finding that the appeal should be dismissed. The judgment was that the petition be dismissed.

The claimant is Dan J. Boman, hereinafter called the plaintiff. The executor of the estate will be hereinafter called the defendant. Plaintiff filed a motion for new

trial which was overruled. Plaintiff appeals. Plaintiff assigns as error the finding and dismissal of his petition and error in not finding that he was entitled to a judgment. We affirm the judgment of the trial court.

Plaintiff filed his petition and claim in the district court. Defendant, so far as important here, filed a general denial.

The cause was submitted on a stipulation of fact which we recite in its entirety. It follows:

"It is stipulated that prior to November 30, 1949, Addie R. Lisco was the owner of school land lease No. 62384 covering the West Half of Section 16, Township 19, Range 47, Morrill County, Nebraska, which was a 25-year lease issued in 1924 and expiring on the 31st day of December, 1949, and within the time permitted by law Mrs. Lisco made application for a renewal of this lease, and the renewal was approved by the Board of Educational Lands and Funds and a new lease, No. 70015 was issued to her on the 22nd day of December, 1949. This new lease was assigned and delivered to Dan J. Boman, and thereafter the Board of Educational Lands and Funds approved the assignment. At the time said lease was delivered to Dan J. Boman he paid to Addie R. Lisco the sum of $4,000.00 for the assignment of said lease; that pursuant to an agreement between the parties $2,000.00 of said sum was in payment for improvements on the property, and the sum of $2,000.00 was a bonus for the assignment of the lease. That thereafter, as provided by law and rules and regulations of the Board of Educational Lands and Funds, Addie R. Lisco paid one-half of said bonus, or the sum of $1,000.00, to the Board of Educational Lands and Funds or to the State of Nebraska; that thereafter under a decision of the Supreme Court of Nebraska in the case of State ex rel Ebke Vs. The Board of Educational Lands and Funds, the statute under which said lease No. 70015 was written was declared unconstitutional, and thereafter the Board of Educational Lands and Funds can-

celled said lease, advertised said property for releasing and, in order to protect his investment, Dan J. Boman was required to and did bid for said lease a sum of about $3,500.00; that at the time both parties understood the lease was a 12-year lease, to run from January 1, 1950 to December 31, 1962; that the Executor of the Estate of Addie R. Lisco filed a claim with the Clerk of the Legislature for the sum of $1,000.00, which has been paid to the State of Nebraska as a part of the bonus for the assignment of the lease, and the Legislature in the 1953 Session allowed said claim and appropriated money for the purpose of paying said sum together with bonuses received by the State on account of the cancellation of other leases. The payment of this $1,000.00 has not been as yet received by the Estate of Addie R. Lisco."

Plaintiff in his petition alleged facts somewhat at variance from the stipulation. He alleged also that because the lease had been declared null and void the state "should" return the $1,000 to the defendant and defendant "should" return it to plaintiff; and that he was in equity and good conscience entitled to recover from the defendant the sum of $1,000, and prayed for an allowance and recovery of said amount from the estate.

Plaintiff clearly seeks to recover a judgment for the $1,000, which he expects the state will repay to the defendant.

Plaintiff argues that as assignee of the lease the rights of the defendant to the $1,000 have accrued to him and he is entitled to the reimbursement of the $1,000. Defendant answers that the assignment was merely a quit claim. We are unable to explore or determine this contention, as neither the lease nor the assignment are in the record. That theory of recovery is not pleaded. The rights and liabilities of the parties under those instruments cannot be determined.

Plaintiff further argues that this money was paid to the state under a mistake of fact arising as a result of a mistake of law, to wit: The unconstitutionality of the

statute under which it was paid to the state, and that he is accordingly entitled to recover it. Defendant argues that it was a payment to the state under a mistake of law and that recovery cannot be had. We need not determine that question. This is not an action to recover from the state, to whom the money was paid.

Finally plaintiff argues that in justice and equity he is entitled to the $1,000 rather than the defendant. This is obviously the theory upon which he pleaded and tried his case.

The petition was filed in the district court July 10, 1952. At the time this action was brought there were in force the provisions of sections 81-857 to 81-861, R. R. S. 1943, inclusive. This statute creates a "Sundry Claims Board" for the investigation of claims against the State of Nebraska for the payment of which no moneys have been appropriated. The Clerk of the Legislature is the secretary of the board. Claims are to be filed with the secretary. The record does not show a resort to this act. The trial was had May 20, 1953. The stipulation does show that the defendant had filed a claim with the Clerk of the Legislature for the sum of $1,000 which had been paid to the state as a part of the bonus for the assignment of the lease.

The stipulation then is that "the Legislature in the 1953 Session allowed said claim and appropriated money for the purpose of paying said sum together with bonuses received by the State on account of the cancellation of other leases."

Neither party cites the appropriating act to us. We have not found it. The Legislature did pass L. B. 579, Laws 1953, chapter 198, page 684, making appropriations for the payment of claims filed in the office of the Sundry Claims Board. That act was passed with an emergency clause and approved May 30, 1953, 10 days after the trial of this cause. We have examined it and find no appropriation in it for the payment of $1,000 to the defendant.

The Legislature did pass L. B. 188, Laws 1953, chapter

261, page 871, now sections '72-234.03 and 72-234.04, R. S. Supp., 1953, which provided for the filing of claims with the Board of Educational Lands and Funds for the refund of amounts paid for the assignment of leases. This act was approved March 28, 1953, a date before the trial of this cause. Its effective date was September 14, 1953, a date after the trial of this cause. The stipulation does not show compliance with the procedural provisions of this act. The Legislature, in the bill making appropriations for the state government, appropriated $120,000 for the purpose of making refunds as provided by L. B. 188, Laws 1953, chapter 261, page 871. See Laws 1953, c. 194, § 15, p. 636. This bill was passed with an emergency clause and was approved June 13, 1953—23 days after the above stipulation was made and trial had.

The stipulation appears to be anticipatory of enactments of the Legislature. We need not determine whether or not the trial court was required to accept a stipulation contrary to the statutes that it purported to reflect.

This fact was stipulated: "The payment of this $1,000.00 has not been as yet received by the Estate of Addie R. Lisco."

An action in the nature of one for money had and received lies wherever the defendant has obtained possession of money which in justice and fairness he ought to refund. Washington v. Beselin, 141 Neb. 638, 4 N. W. 2d 753. The action, though falling under the common-law class of assumpsit, is really in the nature of a bill in equity and lies wherever the party should by equity and natural principles of justice refund the money. Estate of Devries v. Hawkins, 70 Neb. 656, 97 N. W. 792. Implicit in the right of recovery is a requirement that the plaintiff show that defendant actually received his money or its equivalent. 58 C. J. S., Money Received, § 9, p. 921; 4 Am. Jur., Assumpsit, § 22, p. 512.

Here it was stipulated that defendant had not received

the money. Certainly equity and good conscience do not require that plaintiff have a judgment against the defendant for $1,000 based on a hope or expectation that at some future time defendant may receive the money.

The judgment of the trial court is affirmed.

AFFIRMED.