JOSEPH BARKER, JR., EXECUTOR OF THE ESTATE OF ELIZABETH A. BARKER, DECEASED, APPELLANT, V. THE WARDENS AND VESTRYMEN OF ST. BARNABAS CHURCH, APPELLEE.

106 N. W. 2d 858

Filed January 6, 1961. No. 34866.

*Kennedy, Holland, DeLacy & Svoboda* and *J. A. C. Kennedy, Jr.,* for appellant.

*Gross, Welch, Vinardi, Kauffman & Schatz,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action which began in the municipal court of the city of Omaha. It resulted in a judgment for the plaintiff. Defendant appealed to the district court. Plaintiff filed his petition in the district court. Defendant moved to dismiss "for the reason that the court has no jurisdiction of the subject matter of this cause." The trial court sustained the motion and dismissed the cause without prejudice. Plaintiff appeals.

We reverse the judgment of the trial court and remand the cause for further proceedings.

The trial court gave no reason for its ruling and none appears in the transcript.

In Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, we held: "If the trial court gave no reasons for its decision, then the appellant meets the duty placed upon him when he brings the record here with his assignments of error and submits the record to critical examination with the contention that there was no prejudicial error. The duty then rests upon the appellee to point out the prejudicial error that he contends exists in the record and which he contends justifies the decision of the trial court. The appellant then in reply has the right, if he desires, of meeting those contentions."

This has been repeatedly followed as late as Bryant v. Greene, 166 Neb. 520, 89 N. W. 2d 579. The reasoning of that rule is that where the trial court gives no reason for an order determining a cause and it cannot be determined from the record, on appeal here the successful party in the trial court has the duty to point out here the reason or reasons which he contends justifies the decision of the trial court.

Defendant as appellee undertakes to do that here.

Plaintiff, in his petition in the district court on appeal, alleged that he was the executor of the estate of Elizabeth A. Barker, deceased; that defendant is a legal entity formed under Chapter 21, article 8, R. R. S. 1943; that in 1950 and 1951 a "St. Barnabas Church New Building Fund" drive was conducted for the purpose of acquiring another site and erecting a new church building; that substantial contributions were made to the fund, among others a $1,000 gift by Elizabeth A. Barker; that a site was purchased with part of the fund so raised; that in 1957 it was decided that the new site be sold; that it was done at a profit of $24,000; that on request the contributors would be reimbursed their contributions; and that the funds remaining should be spent for repairs and improvements of the "present church building" and for establishing and maintaining a parochial mission. Plaintiff further alleged that he had made request for the return of the $1,000 and that the request had been refused. He prayed for judgment for $1,000 and costs of this action.

So far as the transcript shows this petition and the motion above recited set out the only issues presented to the trial court.

Defendant as appellee here contends that the trial court's appellate jurisdiction is limited to that of the municipal court of Omaha; and that the present action is equitable in nature, being an effort to establish a resulting trust to which the cy pres doctrine applies.

When this action began, section 26-117, R. R. S. 1943, provided that: "The municipal court shall have jurisdiction in all civil cases where the sum in question does not exceed one thousand dollars * * *" except in certain cases not involved here.

Defendant's contention then rests basically on the contention that the action in the municipal court was one in equity; that the municipal court does not have equitable powers and hence was without jurisdiction

of the subject matter; and that the district court on appeal had no jurisdiction.

The transcript does not set out the pleadings in the municipal court. So far as it does refer to the issues tried and decided in the municipal court, the record is exactly to the contrary of appellee's contention.

The transcript from the municipal court shows: "December 16, 1958 Filed Petition. Petition prays for judgment in the sum of $1,000.00, and costs. Due for money had and received." It shows also: "January 29, 1959 Filed Answer." It then recites: October 22, 1959 At 2 P.M. this case as (sic) tried August 6, 1959 and thereafter briefs submitted. On consideration of the pleadings evidence and agruments (sic) the court finds in favor of the plaintiff and against the defendants, and that there is due the plaintiff from the defendants the sum of $1000.00 and costs.

"It is therefore considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendants the sum of $1000.00, with interest at 6% from date hereof and also their costs herein expended taxed at $3.45."

From that judgment the appeal was taken to the district court.

There is no contention that the amount of the judgment was in excess of the jurisdictional amount of a municipal court judgment. The transcript then shows that the action in the municipal court was one for money had and received.

In School District No. 34 v. Thompson, 51 Neb. 857, 71 N. W. 728, we held with reference to an action for money had and received: "While this form of proceeding has been abolished by the Code, the substantive legal principle on which the action was based still exists, and by that principle the action lies in any case where the defendant has obtained possession of money which ex aequo et bono he ought to refund."

This was followed in McCormick Harvesting Machine Co. v. Stires, 68 Neb. 432, 94 N. W. 629.

In Estate of Devries v. Hawkins, 70 Neb. 656, 97 N. W. 792, we held: Wherever one person has money to which in equity and good conscience another is entitled, the law creates a promise by the former to pay it to the latter and the obligation may be enforced by assumpsit. The rule is again stated in Washington v. Beselin, 141 Neb. 638, 4 N. W. 2d 753. The rule was again stated in Boman v. Olson, 158 Neb. 636, 64 N. W. 2d 310, where we also said: "The action, though falling under the common-law class of assumpsit, is really in the nature of a bill in equity and lies wherever the party should by equity and natural principles of justice refund the money."

An action for money had and received is an action at law. 58 C. J. S., Money Received, § 1, p. 906; 4 Am. Jur., Assumpsit, § 20, p. 508. It follows that the trial court was in error in dismissing the cause.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.