NEBRASKA STATE BANK, SOUTH SIOUX CITY, NEBRASKA, A CORPORATION, APPELLEE, V. FRANCIS L. SHERLOCK, APPELLANT.

145 N. W. 2d 573

Filed October 21, 1966. No. 36285.

McCarthy & Kneifl, for appellant.

Leamer & Graham, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and C. THOMAS WHITE, District Judge.

BROWER, J.

Plaintiff Nebraska State Bank filed its petition in the district court for Dakota County to recover $4,238.82, which was transferred from the account of Glass Land Company to the account of the defendant, Francis L. Sherlock. The sum so transferred was thereupon paid out by plaintiff on two checks drawn by the defendant in the exact amount of the sum transferred. The sum so transferred was ordered repaid and was repaid to the Glass Land Company as a result of our decision in Glass v. Nebraska State Bank, 175 Neb. 673, 122 N. W. 2d 882, resulting in an overdraft in defendant's account.

Hereafter the plaintiff will be designated as such or as the Bank, and Francis L. Sherlock as the defendant.

Plaintiff in the trial court brought its action for money had and received as an unjust enrichment. Defendant's answer denied that he was unjustly enriched at the expense of the plaintiff.

The case was tried to a jury and after both parties rested the plaintiff moved for a directed verdict which the trial court sustained, and judgment was entered for the amount of the sum so transferred and interest.

Defendant Sherlock has appealed and assigns error to the trial court in sustaining plaintiff's motion, claiming its action was contrary to the law and the evidence.

On August 17, 1960, defendant had borrowed $4,500 from one Eugene Russell for the express purpose of covering two checks which were then outstanding against his account. This sum was secured by a mortgage to

Russell on a half section of land. Russell's check was payable to "Glass Land Co. & Francis L. Sherlock," the defendant. It bore a notation on its face, "Escrow account on Sherlock Farm & Bar." The check was properly endorsed, "Francis L. Sherlock, Glass Land Co. By Oris Glass." It was deposited in the account of Glass Land Company on August 18, 1960. On August 19, two checks drawn by defendant were presented to the plaintiff Bank for payment. The funds in defendant's account were insufficient to pay them. A teller of plaintiff testified he was verbally authorized by Mr. Glass to transfer the exact amount, $4,238.82, required to pay the two checks to the defendant's account, which was done and the checks were paid. This court, in Glass v. Nebraska State Bank, *supra*, found the teller was not authorized to make the transfer and judgment was entered against the Bank therefor. The Bank thereupon paid the Glass Land Company the amount of the judgment with interest and thereafter brought this action. The two checks of the defendant which were honored from the funds so transferred were checks for liquor purchased by defendant, a liquor licensee. Thereafter, on July 14, 1962, the defendant repaid Russell the sum he had borrowed from him. Defendant testified he later knew of the deposit to his account and that the checks were paid thereby, that the Bank had to repay the amount transferred to Glass Land Company, and that the defendant has never repaid the plaintiff although it has made demand therefor. The Glass Land Company will hereafter be referred to as Glass and Eugene Russell as Russell.

Plaintiff cites Barker v. Wardens & Vestrymen of St. Barnabus Church, 171 Neb. 574, 106 N. W. 2d 858, holding: "Wherever one person has money to which in equity and good conscience another is entitled, the law creates a promise by the former to pay it to the latter and the obligation may be enforced by assumpsit." See, also, Estate of Devries v. Hawkins, 70 Neb. 656, 97 N. W.

792; McCormick Harvesting Mach. Co. v. Stires, 68 Neb. 432, 94 N. W. 629; 58 C. J. S., Money Received, § 1, p. 906. Plaintiff Bank contends the present action is one to recover an overdraft arising in defendant's account and that a bank which pays an overdraft is generally entitled to recover the amount thereof from the owner of the account. Bank of Benson v. Swanson, 107 Neb. 687, 187 N. W. 88; 9 C. J. S., Banks and Banking, § 353b, p. 703.

Defendant, while not disputing the general rules stated, contends in the present case the payment cannot be recovered. He cites certain authorities dealing with the subject of the recovery of payments erroneously made which he claims should govern in the present case to the exclusion of the rules urged by plaintiff and hitherto stated. He cites 40 Am. Jur., Payment, § 205, p. 856, where it is stated: "The question whether money paid under a mistake of law may be recovered is an ancient one and has provoked much dispute, but the trend of modern authority is strongly in favor of the rule that, as between individuals, money voluntarily paid *on a claim of right*, with full knowledge of all the facts, in the absence of fraud, duress, or compulsion, cannot be recovered back merely because the party at the time of payment was ignorant of or mistook the law as to his liability. The illegality *of the demand* paid constitutes, of itself, no ground for relief." (Italics supplied.) Essentially the same rule is stated in 70 C. J. S., Payment, § 156, p. 362. There the essence of the rule stated is that where one, under like misapprehension of the law but with the similar knowledge of the facts, pays money on a *demand* not legally enforceable against him, he cannot recover. The rules mentioned and the multitude of cases cited by the texts encompass a situation where the payor because of a mistake as to the law makes payment on the "demand" or "claim of right" of the payee. This the payor does under the erroneous impression it is a legal obligation owed the payee. Such a situation existed in Malec v. ASCAP, 146 Neb. 358, 19 N. W. 2d

540, where this court, in discussing the basis of the rule, stated: "In Weber v. Kirkendall, supra, this court said: 'But one threatened with civil process, unaccompanied by any act of hardship or oppression, is required to make his defense in the first instance to the merits of the claim, and cannot postpone litigation by paying the demand and afterward maintain an action therefor.'

" 'The reason of the rule that money voluntarily paid with full knowledge of the facts can never be recovered and its propriety are quite obvious when applied to a case of payment on a mere demand of money unaccompanied with any power or authority to enforce such demand, except by suit at law. In such case, if the party would resist an unjust demand, he must do so at the threshhold. The parties treat with each other on equal terms, and if litigation is intended by the one of whom the money is demanded, it should precede payment. When the person making the payment can only be reached by a proceeding at law, he is bound to make his defense in the first instance, and he cannot postpone the litigation by paying the demand in silence and afterward suing to recover the amount paid.' 21 R. C. L., sec. 166, p. 143." In the case before us, the defendant made no demand and asserted no claim of right to the payment. Any error of the Bank as to the law arose from a misconception of the legal sufficiency of the instructions obtained from Glass as to the transfer of the credit. There is no suggestion that the plaintiff considered any obligation of it to the defendant motivated the transfer. Any mistake of law made by the Bank did not relate to rights between the defendant and the Bank, but between it and Glass. The rules cited with respect to the denial of recovery of a payment made under a mistake of law has no application to the case before us.

The defendant next takes the position that the transfer was due to a mistake of fact and that it cannot be recovered from him because he has changed his position to his prejudice in reliance thereon. Although many

authorities are quoted by defendant, his claims with respect to their applicability to the present case are obscure. He cites rules of law stating that where one makes payment to a lienholder under a mistaken belief that the payor has an interest in the property and the lien is discharged or impaired, the person making the payment cannot recover. The plaintiff here made no payment under such circumstances and these authorities are not in point. Defendant apparently claims he subsequently paid off the Russell mortgage and finds himself without the proceeds of the loan which was given to Glass. This is apparently claimed to be the change of position which constitutes the prejudice. There is nothing to show that the Bank knew anything about the defendant's mortgage to Russell, nor the payment of the proceeds to Glass. The Bank placed the money in the defendant's account. When defendant endorsed Russell's check and it was deposited to the Glass account, the proceeds in the account, as far as the Bank was concerned, became the property of Glass. The mistake of the Bank, whether of law or fact, arose between it and Glass. The defendant received the deposit from the plaintiff by reason of the mistake. The questioned transfer was specifically intended to pay the checks for liquor previously given by the defendant and presented to the Bank to be honored. The proceeds of the loan procured by the defendant was for the same purpose. Defendant desired the checks to be honored and they were immediately paid. The defendant received the inventory of liquor that was the consideration for his checks. If there is something due the defendant from Glass, it was not caused by the action of the Bank but by the endorsement of Russell's check by the defendant. That is a matter between the defendant and Glass. We conclude that the defendant's citations of authority are not applicable. The mistake of the Bank resulted in the defendant's enrichment at the Bank's expense. His rights against Glass were not impaired thereby and he

has not changed his position because of the transfer to his prejudice in a manner that would defeat the plaintiff's right to recover the overdraft.

The trial court committed no error in directing a verdict for the plaintiff on the undisputed evidence disclosed. Its judgment entered was in all respects proper and the same is affirmed.

AFFIRMED.