JOSEPH B. BRINKLEY and JOSEPH E. BRINKLEY, JR., trading as JOSEPH B. BRINKLEY & SON, *vs.* L. B. PLATT and J. B. PLATT.

*Practice in Actions of Tort—Act of 1864, ch. 109—Action of Deceit against several as Joint tort-feasors—Proof of Conspiracy necessary to make Defendants responsible—Right of the Court to instruct the Jury as to the Insufficiency of Evidence.*

In actions of tort against several defendants, if at the conclusion of the plaintiff's case, there is no evidence against one or more of them, they are entitled to be acquitted, before any part of the defence is gone into; and this practice has not been changed by the Evidence Act of 1864, ch. 109.

In an action of deceit against several as joint tort-feasors, to recover for damage sustained by alleged false and fraudulent representations made by the defendants to the plaintiff, it is necessary, in order to make them responsible, for the plaintiff to prove an unlawful and fraudulent combination by and between the defendants to deceive and defraud him; and when such unlawful conspiracy is shown, every act and declaration of each member of the confederacy, in pursuance of the original concerted plan, and with reference to the common object, is in contemplation of law, the act and declaration of all; and is therefore original evidence against each of them. But, in the absence of any proof of a conspiracy formed, or a combination entered into, the acts or declarations of one of the alleged conspirators, are not competent evidence against the others.

Whenever testimony is so slight and inconclusive, that no rational, well constructed mind can infer from it the fact which it is offered to establish, it is the duty of the Court, who are the exclusive judges of the *legal sufficiency* of evidence, to instruct the jury, when applied to for that purpose, that there is no evidence before them to warrant their finding the fact thus attempted to be proved.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

34                    v. 40

The cause was argued before Bartol, C. J., Grason, Miller, Alvey and Robinson, J.

*John H. Handy* and *A. Stirling, Jr.,* for the appellants.

*Henry Stockbridge* and *I. Nevett Steele,* for the appellees.

Miller, J., delivered the opinion of the Court.

This was an action of deceit instituted by the appellants against L. B. Platt, H. S. Platt and J. B. Platt, as joint tort feasors. The plaintiffs were partners, under the firm name of Joseph B. Brinkley & Son, doing business in Baltimore city, as packers of canned oysters, fruit and vegetables. The three defendants were also partners, though not sued as such, in the same business in Baltimore, under the firm name of Platt & Co. The deceit alleged consisted of false representations made by the defendants to the plaintiffs respecting the financial standing and credit of the firm of Palm, De Ruyter & Co., of Cincinnati, by means of which the plaintiffs were induced to sell goods on credit to that firm and lost the same.

The declaration avers that the defendants well knowing that said Palm, De Ruyter & Co., were then in bad and insolvent circumstances, and unfit to be trusted with goods on credit, and *" contriving* and *fraudulently intending* to deceive and injure the plaintiffs in this behalf, fraudulently and deceitfully" made to the plaintiffs the representations respecting their credit complained of. The defendants jointly pleaded that they did not commit the wrong alleged, and the case went to trial on issue joined on this plea.

After the plaintiffs had closed their testimony, the defendants, L. B. Platt and J. B. Platt, prayed the Court to instruct the jury that the plaintiffs have not offered any evidence to warrant the jury in finding a verdict against them, and as to them their verdict must be for the said

defendants. This instruction the Court granted and directed the jury to find a verdict for these defendants. To this ruling and direction the plaintiffs excepted.

The defendant then called and examined the defendant, H. S. Platt, as a witness, and after his testimony had been given, the plaintiffs moved the Court to strike out the verdict as to J. B. Platt and reinstate the case as to him, on the ground that the testimony of H. S. Platt given by the defendant, contains evidence to go to the jury, to show a responsibility by J. B. Platt for the representations of H. S. Platt to the plaintiffs. But the Court refused to grant this motion, and to this refusal the plaintiffs excepted.

These are the only exceptions in the record, and they present two questions.

1st. Was the Court right, assuming it to have taken a correct view of the testimony, in directing a verdict for these two defendants at the close of the plaintiffs' case?

2nd. Was there any evidence in the cause legally sufficient to warrant the jury in finding a verdict against these defendants, or either of them?

1st. As to the first question, the case of *Hambleton, et al. vs. McGee,* 19 *Md.,* 43, is conclusive, unless the Evidence Act of 1864, ch. 109, has the effect of changing the established practice. In that case it was decided that in actions of tort against several defendants, if at the conclusion of the plaintiffs' case, there is no evidence against one or more of them, they are entitled to be acquitted before any part of the defence is gone into. "Such practice," the Court say, " is conformable to reason and necessary for the furtherance of justice, for otherwise it would be in the power of a plaintiff to deprive a defendant of the benefit of material and competent witnesses by joining them in the action." Has the Evidence Act removed the reason on which this practice is founded? We think not. That Act, while it removes incapacity on the ground of interest, nevertheless, allows the fact of interest to be shown to the

jury in order to affect the credibility of the witness. If, therefore, it be reasonable and just that a defendant in such cases should have the benefit of the testimony of those of his co-defendants, upon whom the plaintiff's evidence has failed to fasten any culpability, it is equally so, that he should have it freed from the imputation of interest by their acquittal, or a verdict in their favor.

2nd. The second question depends solely upon the testimony. After a careful examination of the proof in the record, we find no cause to dissent from the view taken of it by the learned Judge of the Superior Court. It appears the firm of Palm, De Ruyter & Co. was formed on the 28th of March, 1872, and failed and made an assignment for the benefit of its creditors on the 16th of August following. About the 3rd of July, 1872, the plaintiffs' firm received from their travelling agent an order to ship a bill of goods to Palm, De Ruyter & Co., and the agent's letter stated that this firm "refer to Platt in Baltimore." On the 5th of July, Joseph E. Brinkley, Jr., one of the plaintiffs, saw H. S. Platt at the dinner table of the Carrollton hotel, in Baltimore, where both of them boarded, told him of this order, and said to him, that Palm, De Ruyter & Co. had referred to Platt & Co., of Baltimore, as to their responsibility; H. S. Platt first asked what credit is requested, and being informed it was sixty days, he then said "*they are perfectly good,*" and that his firm "*would sell them all they wanted.*" The plaintiffs thereupon on the 9th and 10th of July, shipped the goods to the value of $559.75, and have since received no pay therefor, except a dividend of twenty per cent. from the assignee. This damage to the plaintiffs in consequence of relying on this alleged false and fraudulent representation, constitutes the gist of this action. But this declaration was made by H. S. Platt alone. Neither of the other defendants was present when it was made, and there is no proof they had any knowledge of it, or of this interview until they heard it

testified to at the trial. In order therefore, to make them responsible, it was necessary for the plaintiffs to prove an unlawful and fraudulent combination by and between the three defendants to deceive and defraud the plaintiffs, or all merchants in that trade in Baltimore, with whom this firm were likely to have dealings, by making false representations respecting their solvency and credit. There is no question about the law on this subject. It is very clearly stated in 1 *Taylor's Ev. sec.* 527, thus : "The same principles apply to the *acts* and *declarations* of one of a company of *conspirators* in regard to the common design as affecting his fellows. Here a foundation should *first* be laid by proof sufficient in the opinion of the Judge, to establish *prima facie* the fact of conspiracy between the parties, or at least," (as is the practice in this State,) "proper to be laid before the jury as *tending* to establish such fact. The connection of the individuals in the unlawful enterprise being thus shown, every act and declaration of each member of the confederacy, in pursuance of the original concerted plan, and with reference to the common object is, in contemplation of law, the act and declaration of them all ; and is therefore original evidence against each of them." It is also very fully and forcibly stated in the case of *Page vs. Parker*, 40 *N. H. Rep.*, 66, referred to by counsel on both sides, where it is said : "The gist of an action on the case in the nature of a conspiracy, is not the unlawful or wrongful agreement and combination of the defendants, but their joint fraudulent acts, and the consequent damage resulting from the execution of this agreement. Both the joint fraudulent acts, and the consequent damage, must be proved, to entitle the plaintiff to recover. The conspiracy charged is important only as giving character to the individual acts of the parties to it. It must be shown that all combined or conspired, before the acts or declarations of one can be competent evidence against all. It is not necessary to prove that all came

together, and actually agreed in terms to have a common design, and pursue it by common means. If it be proved that the defendants pursued by their acts the same common object, often by the same means, one performing one part, and another another part of the same plan, so as to complete it with a view to the attainment of the same common result, the jury will be justified in the conclusion that they were engaged in a combination or conspiracy to effect that result. But in the absence of any proof of a conspiracy formed, or a combination entered into, and of any acts or declarations of one of the alleged conspirators, made and done while the alleged conspiracy was pending, in further-ance of the alleged common design, it is quite clear that he cannot be found guilty solely upon the acts and decla-rations of other alleged conspirators. As we have before seen, those acts and declarations are admissible against him solely on the ground that by combining or conspiring together, the conspirators have jointly assumed to them-selves *as a body*, the attribute of individuality, so far as regards the prosecution of the common design ; thus ren-dering what is knowingly and wilfully done and said by any one of their number in furtherance of that design, a part of the *res gestœ*, and therefore the act and saying of all.'' Substantially the same doctrine has been recently recognized and adopted by this Court in the case of *Kim-ball vs. Harman and Burch*, 34 *Md.*, 407.

The plaintiffs' counsel conceding this to be the law and necessity of their case, have endeavored very ingeniously in their brief and argument to meet it. They insist there was evidence to go to the jury of such unlawful combina-tion. They argue that there was a common illegal design or purpose between the three defendants to effect a common result ; that the representations made by H. S. Platt to Brinkley was made in furtherance of that design, in order to effect that result ; and that this common purpose or design was to give a false credit to Palm, De Ruyter &

Co., in order that they might purchase goods on credit, and with the proceeds of the sale thereof, or the paper given by customers buying such goods from them, they might pay off an old indebtedness which they had assumed to pay to the firm of Platt & Co., of which the defendants were the sole partners. But a careful scrutiny of the proof furnished to establish this proposition, has satisfied us the jury could not, by any legitimate inferences to be drawn therefrom, have come to the conclusion that such a combination and for such purposes, was ever formed. It has been settled by repeated decisions of this Court that the *legal sufficiency* of evidence is a question of law of which the Court are the exclusive judges ; and whenever testimony is so slight and inconclusive, that no rational, well constructed mind can infer from it the fact which it is offered to establish, it is the duty of the Court, when applied to for that purpose, to instruct the jury, that there is no evidence before them to warrant their finding the fact thus attempted to be proved. The evidence before us is, in our judgment, of this slight and inconclusive character, and we do not deem it necessary or important to protract this opinion by an extended analysis of it. It suffices to say that in our judgment the jury could have found the alleged combination only by indulging in mere speculation and conjecture. We have come to this conclusion too, in view and full recognition of the rule that slight proof in such cases, is sufficient to require the matter to be left to the finding of the jury, and that the want of evidence must be clear and obvious, in order to justify the Court in directing, at the close of the plaintiff's case, a verdict in favor of one or more defendants, jointly sued in an action like this. It is also our opinion, there was nothing in the testimony of H. S. Platt which demanded a reinstating of the case as against J. B. Platt.

But assuming we are wrong in this, and that there was evidence sufficient to allow the jury to pass upon the ques-

tion of combination, there still remains an insuperable objection to the reversal of the judgment in favor of these two defendants. It appears from the record that the verdict and judgment in their favor, under the Court's direction, was entered on the 8th of December, 1873. The case then proceeded as against H. S. Platt, with all the evidence contained in the record in and before the jury, as affecting him, and on the 10th of December there was a verdict and judgment *in his favor also*. It is obvious the jury could not have found this verdict in his favor unless they believed from this testimony, either that the representation was true in point of fact, or that he *honestly believed* it to be true when he made it. That judgment stands, and must stand, unreversed. All the evidence was before the jury to be used as against him for every purpose. It does not appear that counsel were in any way restricted by the Court in any use they may have attempted to make of it in argument. No exception to any ruling on that point appears in the record, and indeed, no exception whatever appears to have been taken to any ruling affecting his case. We could not, therefore, reverse the judgment in his favor, even if this appeal was taken from that judgment. But as we understand the appeal, it is solely from the judgment in favor of the other defendants. With that verdict and judgment unreversed, how can it be said the plaintiffs were injured by the rulings here complained of, or how would they be benefitted by a new trial against these two? It is conceded they can be held liable only upon the ground of an unlawful combination. But there is no such thing as an unlawful combination to do an innocent and lawful act, and even an unlawful combination or conspiracy to injure another, furnishes no ground for a civil action, unless followed by injury, or by some act or declaration resulting in injury. Here the only declaration from which injury to the plaintiffs did result, or could have resulted, has been definitely pronounced by the jury who tried the case, and a judgment .

of the Court on their verdict, to have been either truthful or innocently made. In this state of case it is, we think, quite clear the plaintiffs have not been injured by these rulings, even if they were erroneous, and this being so, it is plain there should be no reversal, for such errors, of the judgment appealed from.

*Judgment affirmed.*

(Decided 24th June, 1874.)