ARTHUR P. HARVEY ET AL. V. CECILE ROSS HARVEY.

FILED JANUARY 18, 1906.   No. 14,101.

1. **New Trial:** JOINT MOTION.   Where all the codefendants join in a motion for a new trial, which is not good as to all, the motion should be overruled.

2. **Conspiracy:** SEVERAL JUDGMENTS.   Where several defendants are proceeded against as conspirators in the commission of a tort, which would be actionable if committed by one alone, a judgment against one or more of such defendants may be sustained without proof of a conspiracy among all of them,

3. **Husband and Wife: ALIENATION OF AFFECTIONS: EVIDENCE.** In an action by a wife for the alienation of the affections of her husband, evidence of the earning capacity and the financial condition of the husband is admissible as affecting the quantum of damages, if any, that the wife may recover for the loss of her husband's support.

4. **Instructions.** It is not error to refuse an instruction not based on either the pleadings or the evidence.

5. **Quantum** of damages examined, and *held* not so clearly excessive as to suggest prejudice and passion in the award.

ERROR to the district court for Keya Paha county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*W. C. Brown, A. L. Tingle* and *L. T. Genung,* for plaintiffs in error.

*Lear & Wilhite, contra.*

OLDHAM, C.

This was an action for the alienation of affections, in which the plaintiff, Cecile Ross Harvey, wife of George D. Harvey, alleged that William H. Harvey, Mary B. Harvey, and Arthur P. Harvey, who are respectively the father, mother and brother of George D. Harvey, conspired together, for the purpose of estranging and alienating the affections of George D. Harvey from the plaintiff, his wife, and causing him to abandon plaintiff, and refuse to live with her as her husband and to provide for her support and maintenance. The defendants answered jointly, admitting the marriage of plaintiff to George D. Harvey, and denying each and every other allegation in the petition. On issues thus joined, there was a trial to the court and jury, a verdict for the plaintiff for $3,000 damages, judgment on the verdict, and to reverse this judgment defendants bring error to this court.

The facts underlying this controversy are that for several years the defendants in this cause of action and George D. Harvey, husband of the plaintiff, have resided

together on a cattle ranch in Keya Paha county, Nebraska, known as the "Harvey Ranch." The two sons and the father were engaged in cattle raising, and all lived together in a large house on a quarter section of the ranch, which had been homesteaded by George D. Harvey. In 1901 the plaintiff was employed as a domestic in the Harvey household, and during the time of her service an intimacy sprang up between her and George D. Harvey, which resulted in furnishing plaintiff with "a child for her cradle before she had a husband for her bed." Some time after the birth of the child, plaintiff instituted a bastardy proceeding against George D. Harvey, and in compromise of this proceeding George D. Harvey agreed to and did marry plaintiff, and took her and the child to live with the family on the Harvey Ranch. Plaintiff, prior to her marriage, had made a homestead entry on a quarter section of land about three miles from the Harvey Ranch, on which a sod house had been erected, containing little or no furniture or other conveniences of life. The evidence shows that immediately on the arrival of the plaintiff at the Harvey Ranch, defendant Arthur P. Harvey, her brother-in-law, began a well-directed effort to drive plaintiff from the household and to separate her from his brother. On numerous occasions he applied all kinds of vile epithets to her in the presence of the family, and told neighbors that they intended "to make it so hot for her that she would have to leave." There was also evidence tending to show that the mother-in-law, Mrs. Harvey, cooperated to some extent in the design of her codefendant, Arthur P. Harvey, but there is practically no evidence in the record that the father, William H. Harvey, concerted with the other defendants in the matter of bringing about the separation of plaintiff and her husband. After about three weeks of her residence on the Harvey Ranch plaintiff, as she alleges, because of her ill treatment, agreed to leave the ranch and go back and live on her homestead, if her husband would come and stay with her there at nights. With this understanding, she went to the sod house on

her homestead with her husband, who left her a very scanty provision of food, and took her to a neighbor's and got permission for her to stay all night, and promised to come the next night to stay with her on the homestead. She returned to her homestead next morning, but the husband remained at home, and abandoned his wife and child, and left her with her offspring in much the same condition as Abraham of old is said to have left his handmaiden Hagar and her child, when he parted from them in the wilderness. At the close of the testimony, defendants all joined in a motion to direct a verdict. This motion was overruled, and this ruling is complained against in the brief of the defendants.

The contention seems to be that, because the plaintiff had alleged conspiracy between the three defendants and the testimony was not sufficient to show that all the defendants had conspired together, therefore the entire cause of action failed. In some jurisdictions the allegation of conspiracy to commit a tort is treated as mere surplusage in a petition, and the defendants named are all proceeded against as joint tortfeasors. This rule, however, is subject to the following qualifications: Where the act, if committed by any one of the parties charged, would constitute an actionable wrong, then the allegation of conspiracy is surplusage, except as to the rule of admission of evidence making admissions and statements of one of the conspirators binding on the rest. On the contrary, if the tort be actionable only when committed by a conspiracy, no recovery can be had without proof of the conspiracy. 1 Jaggard, Torts, ch. 9, p. 639; *Parker v. Huntington,* 2 Gray (Mass.), 124; *Garing v. Fraser,* 76 Me. 37; *Brinkley v. Platt,* 40 Md. 529. Now, in the case at bar, the tort alleged was actionable, if committed by any one of the defendants, whether the others confederated to bring about the result or not. Consequently, when the three defendants joined in a motion to direct a verdict, the court was justified in overruling the motion, although the evidence may not have been sufficient to establish a

tort against William H. Harvey, had he moved separately for a directed verdict in his favor. The same condition exists with reference to the motion for a new trial, all three of the defendants having joined in this motion, and, according to the rules of procedure in this state, the motion, not being good as to all, was properly overruled.

Complaint is next urged against the action of the trial court in admitting evidence offered by plaintiff to show the financial ability and business thrift of her husband. We think this evidence is clearly admissible. If plaintiff had suffered the loss of the association and support of her husband through the agency of the defendants, or any of them, her measure of damages would be her actual loss of support, and also the loss of affections and the humiliation and disgrace, if any, which she might suffer as a logical result thereof. In estimating the amount of her loss of support, it was proper for the jury to take into consideration the earning capacity and the financial standing of the husband.

It is urged that the court erred in not instructing the jury as to the privilege of the defendants father and mother in advising in good faith with their son with reference to his domestic relations, even if such advice had led to a separation from the plaintiff. With reference to this contention, it is well to suggest that no such instruction was requested by the defendants, or any of them, and again, as both defendants father and mother denied that they had ever advised their son to abandon his wife, there was no testimony on which to base the instruction. *Rath v. Rath*, 2 Neb. (Unof.) 600.

It is finally claimed generally that the court should have given more specific instructions to the jury, but no instruction given by the court is pointed out as inherently wrong. While it is true the instructions were very general in their nature, yet no instruction of any kind was requested by the defense, and, consequently, under the well-established rule of this court, defendants are not in shape to avail themselves of this complaint.

39

Complaint is also made that the damages awarded are excessive, but a careful review of the entire record fails to convince us that the damages are so disproportionate to the loss sustained as to suggest passion and prejudice in the award.

Finding no reversible error in the record, we recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.