WILLIAM A. MARTIN, APPELLEE, v. GEORGE W. HUTTON, APPELLANT.

FILED OCTOBER 6, 1911. No. 16,500.

1. **Action: MONEY HAD AND RECEIVED.** An action for money had and received will lie to recover money secured from the plaintiff, without consideration, in reliance upon fraudulent representations made by the defendant.

2. **Fraud: FALSE REPRESENTATIONS.** "A person is justified in relying on a representation made to him in all cases where the representation is a positive statement of fact, and where an investigation would be required to discover the truth." *Perry v. Rogers*, 62 Neb. 898.

3. **Action: MONEY HAD AND RECEIVED: FALSE REPRESENTATIONS.** Where a defendant by the use of fraudulent representations induces a proposed entryman of government land to believe that the land he desires has been entered, but that the defendant will secure a reliquishment of that entry if paid a sum of money, and the money is paid in good faith upon the strength of those representations, the entryman, upon discovering the truth, may maintain a suit in the nature of an action for money had and received, and will not be required to abandon the land as a condition precedent to maintaining the action.

4. **Principal and Agent: PROOF OF AGENCY.** The fact of agency may be proved by circumstantial evidence.

APPEAL from the district court for Dawes county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*J. E. Porter* and *A. W. Crites,* for appellant.

*A. M. Morrissey* and *A. G. Fisher, contra.*

Root, J.

This is an action for money had and received. The plaintiff prevailed, and the defendant appeals.

The plaintiff formerly resided in Iowa; the defendant, a real estate agent, resides in Dawes county, Nebraska. October 2, 1906, Shell Woodard, a resident of Iowa, accompanied the plaintiff and one or more other persons from Iowa to Nebraska and introduced them to the defendant. Mr. Hutton, while exhibiting several tracts of land to the land seekers, represented to the plaintiff that a certain quarter section was not subject to entry because of a homestead filing thereon, but that he (Hutton) would secure a relinquishment of that filing for $2 an acre, or $320 all told. The defendant denies making the statement, but the proof, including his own letters, contradicts him. Hutton prepared a written contract, which was signed by both parties, by the terms whereof he agreed, for the consideration of $320, to secure for the plaintiff "homestead papers in legal form on the southeast quarter of section 18," etc. The plaintiff paid Mr. Hutton $65 in cash, gave two promissory notes for $80 each, and agreed to pay the remaining $95 shortly after returning home. The plaintiff then went before a United States commissioner and executed a proper affidavit for a homestead entry of the quarter section, and it was transmitted by Mr. Hutton to the land office. Subsequently the plaintiff paid the $95 to Shell Woodard's father. The defendant prayed for a judgment on the notes and for no other affirmative relief.

The court instructed the jury, in substance, that the burden was on the plaintiff to prove by a preponderance of the evidence that the false representations were made by the defendant and relied on by the plaintiff, and, if made, the plaintiff should recover the $65, with interest; and, if they further found by a preponderance of the evidence that Woodard had authority to collect the $95, the plaintiff should recover that further sum, with interest;

but, on the other hand, if the plaintiff failed to establish his right to recover, they should return a verdict for the defendant for the sum of the notes, plus interest thereon.

It is first complained that the plaintiff's right of action was upon the written contract, and that certain allegations in the reply were a departure therefrom. The action is not upon the written contract, but upon the implied promise of the defendant to return the money which he secured by fraud and without consideration.

It was admitted during the trial that the quarter section was subject to entry at the time the contract was made. There was therefore no consideration for an agreement to pay for a relinquishment, nor to support the payment when made. Money thus paid may be recovered back in an action of this character. *Rogers v. Walsh & Putnam,* 12 Neb. 28; *Warder, Bushnell & Glessner Co. v. Myers,* 70 Neb. 15. The plaintiff was not required, as a condition precedent to prosecuting this action, to rescind the contract. The defendant did not own the land, was not the government's agent, and gave the plaintiff nothing except information concerning the location of the real estate.

The defendant is in no position to assert that, because the government records were open to inspection, the representation was immaterial. It is enough that the plaintiff believed the statement, that inquiry was necessary to discover the truth, and that he parted with his money on the strength of the representation. Nor does the defendant's liability depend upon his knowledge that the representations were false. *Gerner v. Mosher,* 58 Neb. 135; *Omaha E. L. & P. Co. v. Union Fuel Co.,* 88 Neb. 423.

The defendant argues that there is no proof of Woodard's authority to collect the $95. There is no direct proof of the fact; but there is evidence tending to prove that there was an agreement between the defendant and each of the Woodards, by the terms of which they divided profits made from customers sent to the defendant or by him to either of them. It is true that Shell Woodard, and

not his father, who collected the $95, accompanied the plaintiff to the defendant's office; but it is also true that the elder Woodard had possession of the notes from November, 1906, until his death, and that the defendant, in suing for the balance due him on the contract, did not include the $95. Omitting this item from his demand was a practical admission by the defendant that it had been satisfied by the payment to Woodard, and this admission included a concession that Woodard had authority to collect. Agency, like any other condition or fact, may be established by circumstantial evidence. *Stewart v. Cowles*, 67 Minn. 184; 31 Cyc. 1661. We think there is sufficient evidence to justify submitting the fact to a jury.

The defendant's contention that he should be paid the reasonable value of his services as a locator cannot be considered, because no demand is made therefor. The defendant relies solely upon his contract, which makes no reference to such services.

Some irrelevant evidence was received during the trial, but it could not have misled the jury. The defendant's liability is plain, the only doubtful question being Woodard's agency, and upon that issue the irrelevant evidence could not have influenced the verdict.

The judgment of the district court, therefore, is

AFFIRMED.