JOE DAVEY, APPELLEE, V. PAUL AEVERMANN ET AL.,
APPELLANTS.

FILED MARCH 27, 1923. No. 22893.

1. **Appeal:** REVIEW. This court will not review an alleged ruling of the district court where the record brought to this court fails to disclose that such ruling was, in fact, made by the trial court.

2. **New Trial:** JOINT MOTION. Where two or more defendants file a joint motion for a new trial, any assignment of error therein that is not good as to all will not be considered as to any of such defendants.

3. **Bills and Notes:** TRIAL: QUESTIONS FOR JURY. Evidence examined, and *held* sufficient to require the submission to the jury of the defense of failure of consideration and the question of whether plaintiff was an innocent holder for value without notice.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Reversed.*

D. *Van Donselaar* and *C. H. Hendrickson,* for appellants.

J. J. *McCarthy, contra.*

Heard before MORRISSEY, C. J., ALDRICH and GOOD, JJ., BEGLEY and BUTTON, District Judges.

GOOD, J.

Action on negotiable promissory note by the holder against the makers thereof. Plaintiff had the verdict and judgment thereon and defendants have appealed.

Paul Aevermann, Herman Aevermann and Mrs. William Aevermann were the makers and Lou Conway the payee of the note. Plaintiff purchased the note from the payee. The petition was in the usual form. A joint answer of all the defendants alleged that the note was procured by fraud, misrepresentation and duress, but failed to allege any facts that would constitute fraud or duress as to any of the defendants except Mrs. William Aevermann. Failure of consideration was also alleged

Davey v. Aevermann.

The reply was a general denial. At the close of all the evidence, on plaintiff's motion, a verdict was directed in his favor.

1. Defendants complain that the court abused its discretion in denying them leave to file amended and substitute answers. The record fails to show any ruling of the court upon this question, and further fails to show that any request was made for leave to file any amended or substitute answers. This court will not review an alleged ruling of the district court where the record brought to this court fails to disclose that the ruling complained of was, in fact, made by the trial court.

2. Complaint is made because the trial court excluded evidence tending to establish fraud in procuring the signature of Mrs. William Aevermann to the note. If any error was committed in this respect, it was not prejudicial to any of the defendants other than Mrs. William Aevermann, because no facts constituting fraud were alleged, and the evidence offered did not tend to establish any fraud as to them; nor can the error, if any, be considered in this court as to Mrs. William Aevermann, because she did not file a separate motion for a new trial. All of the defendants joined in one motion for a new trial, and, under the rule established in this jurisdiction, if error assigned in the motion for a new trial is not good as to all, it is not good as to any of the joint movers. *Hoke v. Halverstadt,* 22 Neb. 421; *Long & Smith v. Clapp,* 15 Neb. 417; *Dorsey v. McGee,* 30 Neb. 657; *McDonald v. Bowman,* 40 Neb. 269; *Harvey v. Harvey,* 75 Neb. 557.

3. Complaint is made because the court took the case from the jury and directed a verdict for the plaintiff upon his motion. Where the verdict of a jury is directed in a law action, the parties against whom the verdict goes are entitled to have the most favorable construction put upon the evidence received and offered by them. It becomes necessary, therefore, to examine the record in this case to see whether there was sufficient evidence tending

to show that plaintiff was not an innocent holder for value in due course, and whether there was sufficient evidence, received and offered, tending to establish the defense of failure of consideration. There was evidence tending to show that plaintiff did not purchase the note until after the time claimed by him, and that within a day or two of the maturity of the note plaintiff sought to collect the note from the defendant Paul Aevermann for the payee, and threatened said defendant, if he did not pay it, that he, plaintiff, would purchase the note and enforce its payment, and that at that time he was notified by said defendant that he would not pay the note until he had received a deed in a land transaction, for which the note was given. If plaintiff had not purchased the note at that time, this information was sufficient to put him upon inquiry as to the consideration for the note and any defense thereto that might have existed. There were other circumstances, either proved or offered to be proved, which have a bearing upon the good faith of the plaintiff in the purchase of the note.

From an examination of the record, we conclude that there was sufficient evidence, tending to impeach the good faith of the plaintiff in the purchase of the note, to require the submission of that question to the jury, if there was substantial evidence, received or offered, in support of the defense alleged. There was evidence offered and excluded which tended to establish a failure of consideration for the note. Under the circumstances, this was error, and the trial court should have received this evidence and should have submitted to the jury the question of failure of consideration. Under this state of the record, the court was not justified in taking the case from the jury and directing a verdict in favor of the plaintiff.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.