NITTLER-RHUMP, INC., APPELLEE, v. THOMAS JONES, APPELLANT.

FILED JUNE 24, 1924. No. 22744.

1. **Action:** MONEY HAD AND RECEIVED. "An action for money had and received will lie to recover money secured from the plaintiff, without consideration, in reliance upon fraudulent representations made by the defendant." *Martin v. Hutton,* 90 Neb. 34.

2. **Evidence:** VALUE OF MATERIALS: ADMISSION OF EVIDENCE. When the question for determination by the jury is the cost of a building, and it is shown that second-hand material entered into its construction, and the party furnishing this material failed to make any showing as to its value, or its cost, he can-

not complain because the court permitted the other party to offer testimony as to its value and allowed the jury to consider this evidence as to value in determining the cost of the building.

3. ————: LEASE: EVIDENCE OF FRAUD. The existence of a written lease does not ordinarily prevent a party apparently bound thereby from proving that he was induced to execute the same by the deceit of the other party to the lease.

4. Trial: DIRECTION OF VERDICT. When at the close of the plaintiff's case in chief he has submitted sufficient competent evidence to support a finding in his favor, it is not error to deny a motion by defendant to direct a verdict in his favor.

5. ————: ————. When at the close of all the evidence there is a substantial conflict in the evidence, it is proper for the court to deny a motion for a directed verdict and to submit the disputed questions of fact for the determination of the jury.

APPEAL from the district court for Douglas county: AR-THUR C. WAKELEY, JUDGE. *Affirmed.*

*McGilton & Smith,* for appellant.

*Weaver & Giller, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., and REDICK, District Judge.

MORRISSEY, C. J.

This is an action commenced in the district court for Douglas county by the Nittler-Rhump Company against Thomas Jones to recover the sum of $7,016 and interest claimed by plaintiff to be due him as an overpayment of rent on a building leased by plaintiff from defendant under a preliminary agreement dated October 20, 1917, and a lease dated November 1, 1917.

It appears without dispute that Albert E. Bihler, Inc., which is the name under which plaintiff corporation did business at the time the lease was made, on October 20, 1917, entered into an agreement with defendant whereby Albert E. Bihler, Inc., agreed to lease a building at 1114 Dodge street in the city of Omaha from defendant for a period of five years, with the privilege of renewal for another five-year period, at an annual rental of a sum equal to 8 per cent. of the actual cost of the building, which

amount was to be determined before the Bihler company took possession of the building. Later, on November 27, 1917, a lease was entered into as of the date November 1, 1917, for a period of five years at an annual rental of $6,880.

Plaintiff contends that, notwithstanding the terms of the agreement of October 20, 1917, whereby the rental was to be 8 per cent. of the actual cost of the building, defendant fraudulently represented, at the time the lease was made, that the building cost $76,000, which, together with an item of $10,000, the agreed value of the lot, constituted the basis upon which the annual rental of $6,880 was charged. There is an allegation in the petition that plaintiff believed and relied upon the representations of defendant as to the cost of the building, and that these representations induced the corporation to sign the lease, but that in fact the building cost much less than $76,000. Plaintiff prays judgment in the amount of these overpayments for the four years during which it paid this rental on the building.

Defendant in his answer denied all the allegations of fraud in plaintiff's petition, and alleged that the building leased cost, together with the value of the lot, $86,000. The jury found for plaintiff in a sum equal to the difference between the rental paid and the amount which would have justly accrued to defendant under the lease on a valuation of the property at $60,000, in lieu of the $86,000 which plaintiff had been induced to believe was the cost of the property when it executed the lease.

Appellant urges that the court erred in failing to instruct the jury that defendant claimed that the lease dated November 1, 1917, expressed the full and complete agreement between the parties, and cites us to numerous authorities on the question of prior agreements being merged into a written agreement. However, this is not an action on the written instrument, but rather an action to recover the money which defendant fraudulently secured from plaintiff. This assignment is not well taken. *Martin v. Hutton,* 90 Neb. 34.

It is next urged that it was error for the court to admit

testimony as to the value of certain material used in the construction of the building, when the contract was based on the cost price, and not upon the value either of the materials used or of the finished building. The evidence complained of related to the value of second-hand material which defendant had used in the construction of the building and for which defendant had made no showing either as to the value or as to the cost. In the absence of such showing, defendant cannot complain because the court permitted testimony as to the value of the material, which, under the circumstances, was the best available evidence of its cost.

Appellant also assigns as error the admission in evidence of the preliminary agreement dated October 20, 1917, and the admission of oral testimony of conversations had at the time of making the lease and prior thereto. These objections are untenable. It is true that, were the action one on a written agreement, such evidence might be inadmissible as tending to vary its terms; but, the present action being in deceit for money had and received, the evidence is proper, since it establishes the basis upon which the parties dealt with each other and proves the fraud imputed to defendant. 10 R. C. L. 1058, sec. 252. See, also, *Davis v. Sterns*, 85 Neb. 121, and *Coffman v. Malone*, 98 Neb. 819.

At the close of plaintiff's case in chief, defendant made a motion for a directed verdict and made a similar motion at the close of the case. Each motion was overruled and these rulings are assigned as error. As the record stood at this time, plaintiff had adduced sufficient evidence to prove the allegations of his petition, and, therefore, it would have been improper to have sustained defendant's motion for a directed verdict. At the close of all the testimony there was a substantial conflict in the evidence on the issues presented by the pleadings, and the court properly overruled defendant's motion and submitted the cause to the jury to determine the controverted questions of fact.

Other objections made to the rulings of the trial court have been considered, but are not found to be of such character as to require specific discussion.

The record is found free from error, and the judgment is

AFFIRMED.

Note—See Money Received, 27 Cyc. p. 866—Evidence, 22 C. J. p. 177, sec. 119; p. 1217, sec. 1623—Trial, 38 Cyc. pp. 1539, 1578.