GROVER J. KOEHLER, APPELLANT, V. FARMERS STATE BANK OF CRAIG ET AL., APPELLEES.

FILED OCTOBER 7, 1924. No. 22806.

1. New Trial: JOINT MOTION. "Where a verdict is returned against a plaintiff and in favor of several defendants, on different, distinct and separate defenses pleaded separately by them, a single joint motion for a new trial against them all is insufficient, and

Koehler v. Farmers State Bank.

it should be overruled if the verdict is good as to any one of the defendants." *Lydick v. Gill*, 68 Neb. 273.

2. **Banks and Banking: FRAUD: DIRECTION OF VERDICT.** When, on the trial of a suit against a bank based upon an alleged fraudulent conspiracy in which the managing officer of the bank is alleged to have participated, the proof wholly fails to show that the officer of the bank was acting within the scope of his employment as an officer of the bank, or that what he did inured to its benefit, or that the acts alleged were intended to inure to its benefit, it is not error for the court to direct a verdict in its favor.

APPEAL from the district court for Burt county: L. B. DAY, JUDGE. *Affirmed.*

*M. L. Donovan* and *North & Pollock*, for appellant.

*Smith, Schall, Howell, Howard & Sheehan*, contra.

Heard before MORRISSEY, C. J., DEAN, DAY, and THOMPSON, JJ., and REDICK, District Judge.

MORRISSEY, C. J.

Plaintiff brought this suit against defendants seeking to recover damages because of the false and fraudulent representations which he alleged were made by the several defendants, the Farmers State Bank of Craig, the Missouri Valley Cattle Loan Company, Everett J. Martin, Verne W. Gittings, J. G. Sayles, and one Brown, whereby he was induced to purchase capital stock of the par value of $5,000 in the Missouri Valley Cattle Loan Company. He alleges that in payment of the stock he executed two promissory notes, one in the sum of $2,500 payable to the Missouri Valley Cattle Loan Company, and another in the sum of $2,500 payable to the Farmers State Bank of Craig. It is not clearly shown by the record whether or not the note given to the Missouri Valley Cattle Loan Company has been paid, but the note given to the Farmers State Bank of Craig was paid soon after maturity, and, in this suit, plaintiff seeks to recover for the amount of these two notes.

We shall not set out in detail the allegations of fraud al-

leged to have been practiced. They may be summarized by saying that plaintiff, a farmer, alleges that defendants, acting in concert, falsely represented the character of the corporation, the Missouri Valley Cattle Loan Company, and the value of its stock, and, in order to induce him to invest in its capital stock, represented that defendant· Martin had already invested $10,000; that defendant Farmers State Bank of Craig had made an investigation of its character and worth, etc., and that, relying upon these representations, plaintiff made the investment whereby he suffered the loss alleged.

The defendants, Farmers State Bank of Craig and Everett J. Martin, who was at all the times mentioned in the petition the majority stockholder and chief managing officer of the bank, appear to be the only defendants served with process or who made an appearance in the litigation. Each filed a separate answer denying generally the allegations of fraud contained in the petition. At the close of all the testimony, on motion of defendant bank, the court directed a verdict in its favor, and overruled a similar motion made on behalf of defendant Martin. The court submitted to the jury the issues raised by the pleadings as to defendant Martin. The jury returned a verdict in his favor. Plaintiff filed a joint motion for a new trial, which was overruled by the court, and judgment was entered in favor of both defendants and against plaintiff. Plaintiff has appealed.

It is well established that:

"Where a verdict is returned against a plaintiff and in favor of several defendants, on different, distinct and separate defenses pleaded separately by them, a single joint motion for a new trial against them all is insufficient, and it should be overruled if the verdict is good as to any one of the defendants." *Lydick v. Gill,* 68 Neb. 273. See, also, *Davy v. Aevermann,* 110 Neb. 62.

It is sufficient then to ascertain if the judgment is correct as to either defendant. With this rule in mind we will consider the record as it pertains to defendant bank.

Whatever proof there is as to a conspiracy or the participation of the bank or Martin in the fraud alleged goes no further than to show that Martin made certain representations as to the character of the Missouri Valley Cattle Loan Company and the value of its shares of stock.

Counsel for appellant cites us to section 3343, 5 Fletcher, Cyclopedia Corporations, which lays down the rule that:

"Where an officer, agent or servant of a corporation maliciously or wrongfully, but in the course of his employment, enters into a conspiracy to defraud or commit other wrongs against another for the benefit of the corporation, the latter will be liable."

In the instant case there is a total lack of proof that in making these representations Martin was acting within the scope of his employment as an officer of defendant bank, or that what he did inured to the benefit of the bank, or that the acts alleged were intended to inure to the benefit of the bank. The representations alleged were not made at the bank or under such circumstances as to raise an inference that they were made for and in its behalf.

The court was, therefore, clearly right in directing a verdict in favor of the bank, and it follows that there was no error in overruling the motion for a new trial, and the judgment is in all things

AFFIRMED.

Note—See Banks and Banking, 7 C. J. p. 757, sec. 570—New Trial, 29 Cyc. p. 925.