JOHN C. THOMAS, APPELLEE, V. GEORGE FUNDUM ET AL., APPELLANTS.

283 N. W. 839

FILED FEBRUARY 10, 1939. No. 30472.

*Chambers, Holland & Locke,* for appellants.

*Burkett, Wilson & Van Kirk, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an action to recover damages for personal injuries sustained by plaintiff while he was employed in harvesting wheat. The farm upon which the injuries were sustained was owned by Simon C. Mook until his death, which occurred three days prior to the accident. A verdict was returned against Merle Mook, administrator of the estate of Simon C. Mook, deceased, and George Fundum, another employee whose negligence is alleged to have caused the accident. A joint motion for a new trial was filed by the defendants. An appeal was taken from the overruling of this motion.

Plaintiff asks this court to invoke the rule that, when codefendants join in a motion for a new trial, errors assigned which are not good as to all defendants are not good as to any. This has long been the rule in this state.

In *Lydick v. Gill,* 68 Neb. 273, 94 N. W. 109, this court said: "Where a verdict is returned against a plaintiff and in favor of several defendants, on different, distinct and separate defenses pleaded separately by them, a single joint motion for a new trial against them all is insufficient, and it should be overruled if the verdict is good as to any one of the defendants." See, also, *Long v. Clapp,* 15 Neb. 417, 19 N. W. 467; *Gordon v. Little,* 41 Neb. 250, 59 N. W. 783; *Davey v. Aevermann,* 110 Neb. 62, 192 N. W. 956; *Koehler v. Farmers State Bank,* 112 Neb. 590, 200 N. W. 52.

After the application of this rule, the only question remaining is whether the court erred in overruling defendants' motions for a directed verdict. These motions were based on the contention that plaintiff's contributory negligence was such as to defeat a recovery as a matter of law.

The evidence in this case discloses that plaintiff and defendant Fundum were both employed on the Mook farm and were engaged in combining wheat at the time of the accident. It was necessary, whenever the bin on the combine became full, to stop the machine and back a truck up to it in order that the wheat could be transferred from the bin to the truck. It was then necessary to drive the truck away from the combine before it could continue with the cutting and threshing of the wheat. At the time the accident happened, the wheat in the bin on the combine had just been transferred to the truck. The defendant Fundum got in the truck to drive it away, and, instead of moving forward, it backed up and caught the plaintiff between the truck and the combine, inflicting the injuries of which plaintiff complains.

The plaintiff testified that, as Fundum got in the truck to drive it away, plaintiff walked in between the rear of the truck and the combine to remove the spout which conveyed the grain to the truck. While he was between the two machines, the truck suddenly backed up and jammed the plaintiff against the combine, causing the injuries for which this action was brought.

The testimony of the defendant Fundum was that the truck had been left in reverse, and as he turned on the switch the motor started without his stepping on the starter, causing the truck to back up unexpectedly. He further states that plaintiff was standing several feet from the truck at the time he got in to drive it away, and that he did not know or anticipate that plaintiff would walk in between it and the combine.

Plaintiff testified that Fundum directed him to go between the truck and the combine to remove the grain spout. This is denied by Fundum. The evidence of Fundum that

the truck motor started when the switch was turned on, without his stepping on the starter, is contradicted by the evidence of an expert mechanic who stated that it was impossible for the particular model of truck involved to start merely by turning the switch. It is not disputed that the ground upon which the truck stood was practically level and that there was no apparent slope.

We are convinced that the question of the negligence of the defendant and the contributory negligence of the plaintiff was for the jury, and that plaintiff was not guilty of such contributory negligence as would, as a matter of law, defeat a recovery.

There is no evidence in the record that the truck had ever backed up before on any of the numerous occasions that it had been driven away from the combine. There was no evidence of any fact or circumstance that would indicate to plaintiff that it was dangerous to walk between the truck and the combine. There was no warning of danger, unless the jury believed the testimony of Fundum as against the conflicting statements of plaintiff. There was nothing in the slope of the ground or other physical facts to warn plaintiff of danger. We conclude that the question of the negligence of defendant Fundum and the contributory negligence of plaintiff was one of fact to be determined by the jury. There was conflicting evidence which the jury necessarily considered in arriving at a verdict. We are not in a position to say that the verdict was clearly wrong and we will not, therefore, disturb it. *Anderson v. Lotman,* 124 Neb. 795, 248 N. W. 309, and cases therein cited. The trial court was right in overruling the motions for a directed verdict.

The trial court having correctly ruled on the only issue properly raised by the joint motion for a new trial, the judgment ought to be and is

AFFIRMED.