EDWIN A. BOELL, APPELLANT, V. EDWARD C. OVERBAUGH, APPELLEE.

3 N. W. (2d) 439

FILED APRIL 17, 1942. No. 31297.

*Frank A. Peterson,* for appellant.

*Chambers, Holland & Locke, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action to recover damages for death by wrongful act. Edwin A. Boell, plaintiff, alleged in his petition that his wife, Augusta Boell, was fatally injured June 2, 1940, and died July 4, 1940, as the result of an automobile collision caused by the gross negligence of Edward C. Overbaugh, defendant. Plaintiff's claim consists of the following items: Necessary medical treatment and hospital care of wife, $804; burial expenses, $550.50; lost services, companionship and consortium, $10,000; total, $11,354.50.

In an answer to the petition defendant pleaded that Harold M. Boell, son of plaintiff and administrator of the estate of Augusta Boell, deceased, acting also as the agent of plaintiff with the latter's knowledge, acquiescence and consent, procured and executed a settlement for $2,408.50, a sum paid by defendant to the administrator and agent as full, final and complete payment of all damages sustained by plaintiff and by the estate of his deceased wife as a result of the automobile accident pleaded in the petition and that the settlement was approved by the county court of Lancaster county. The reply to the answer was a general denial.

Upon a trial of the cause the jury rendered a verdict in favor of defendant and from a judgment of dismissal plaintiff appealed.

The determining question on appeal is the sufficiency of the evidence to prove the agency of the son to settle the claim of his father for the items of damages enumerated in the petition.

Harold M. Boell, a son of plaintiff and administrator of the estate of his deceased mother, testified in substance that he had no authority from his father to settle the latter's personal claim against defendant whose wrongful act caused the death of plaintiff's wife. Plaintiff testified to the same effect. The son and administrator testified also that the latter acted alone for decedent's estate in negotiating for and in making the settlement. In addition to direct evidence of the character indicated, defendant admitted in open court responsibility for the death of plaintiff's wife and the parties stipulated that the charges of $804 for medical treatment and hospital care and of $550.50 for burial expenses were reasonable.

Counsel reviewed the testimony on the issue of the son's agency, quoted law applicable thereto from the standpoint of plaintiff, and came to the conclusions that the alleged agency of the son was disproved and that there was no evidence to support the verdict in favor of defendant. The position of plaintiff may be stated as follows: Two causes of action arose after the injury of Augusta Boell, June 2, 1940, and her death, July 4, 1940—one in favor of her husband for loss of her services and companionship and for medical, hospital and burial expenses, and the other in favor of the administrator of her estate for losses thereto under the statute creating a cause of action for death by wrongful act. Comp. St. 1929, secs. 30-809, 30-810, Lord Campbell's Act. In this connection it was strenuously argued, as directly stated by both father and son on the witness-stand, that the administrator had no authority to settle the cause of action for personal losses of plaintiff and that the son, as administrator, acted alone for the estate of his deceased mother in settling the cause of action against defendant for causing her death.

The direct testimony of father and son did not necessarily control the decision. Agency may be proved by circumstantial evidence. *Martin v. Hutton,* 90 Neb. 34, 132 N. W. 727. The trial judge and the jury had before them the entire case, including the witnesses, their testimony and documentary

evidence. The interests of the parties in the result of the litigation were open to the scrutiny of the triers of fact. One-third of the net proceeds of the claim of the administrator, under the Lord Campbell's Act, in the event of recovery, would be distributable to plaintiff and the other two-thirds to his four children. Plaintiff, therefore, was vitally interested in the claim of the administrator against defendant. Defendant admitted in the case at bar his responsibility for the wrongful act that caused the death of plaintiff's wife and he would naturally be interested in one settlement for his entire liability therefor. Self-interest would obviously prompt defendant to avoid a settlement which would prevent one lawsuit only and invite another.

In submitting to the jury the issue of the agency of the son to settle his father's personal claim against defendant, the district court necessarily considered the evidence sufficient to support a verdict in favor of defendant, and the jury so found, notwithstanding direct evidence to the contrary. Juries are often required to determine issues where there is circumstantial evidence on one side and direct testimony of witnesses on the other, even in criminal prosecutions involving the death penalty. The record in the case at bar contains evidence tending to prove the following facts or proper inferences from established facts and circumstances:

Plaintiff was 70 years of age and his son, Harold M. Boell, 36. They resided four or five blocks from each other in Lincoln. July 10, 1940, six days after the death of the wife of plaintiff, he applied to the county court by petition for the appointment of his son Harold as administrator of her estate. The latter was appointed as such August 5, 1940. After negotiating for months with defendant for a settlement of the liability created by his wrongful act, and after conferring at frequent intervals with the county judge in regard to offers made, the administrator applied to the county court for permission to settle the controversy for $2,408.50. The application described the fatal accident and stated in part:

"It is the contention of the administrator that the accident resulted from the negligence of the said Edward C. Overbaugh, and the said Edward C. Overbaugh denies that he was in any way negligent or contributed to the death of Augusta Boell.

"Your petitioner would further show unto the court that Edward C. Overbaugh has offered to pay as a compromise settlement of said disputed matter the sum of $2,408.50 in full settlement and satisfaction of said disputed claim."

The administrator assured the county court when the application was under consideration that the settlement was agreeable to the members of the family—the heirs-at-law, including plaintiff. No one said the administrator was settling the claim only as far as he could do so in that capacity. When the settlement was made, the items for expenses of medical care, hospital and burial were taken into consideration. Harold M. Boell, before and after the death of his mother, saw his father "practically every day or every other day." The county court, after taking evidence and after finding that the settlement was for the best interests of the estate, ordered:

"That said administrator be and he is hereby empowered to execute and give to Edward C. Overbaugh a good and sufficient release; releasing and discharging the said Edward C. Overbaugh of and from any and all claims, demands and controversies of every nature whatsoever existing or to exist as a result of an automobile accident which occurred * * * on the 2d day of June, 1940, resulting in the death of Augusta Boell."

The administrator on November 14, 1940, signed and acknowledged the settlement authorized by the county court and in it recited:

"I further release and discharge the said Edward C. Overbaugh from any and all claims for medical expense, hospital expense or any other expense incurred by the said Augusta Boell as a result of said automobile accident."

Plaintiff admitted in effect on cross-examination that he met and talked to his son frequently from July 4, 1940, until

the settlement was made; that he knew his son was negotiating for a settlement; that he knows his son got the money for the expense of care and burial; that plaintiff did not pay the bills therefor and does not have any of the money collected for them. Though plaintiff applied for the appointment of an administrator a few days after the death of his wife, there is nothing in the record to show that he made any demand for the loss of her services and for the expenses of care and burial until after damages for the wrongful act of defendant had been settled and paid to his son. These expenses, consisting of two items aggregating $1,354.50, are in the hands of the administrator. Plaintiff refused to accept this fund and sued defendant January 17, 1941, to recover these same items of expenses, notwithstanding the previous settlement signed by the administrator and approved by the county court under the circumstances indicated. Though neither the application for authority to make the settlement nor the judicial order to make it mentioned specifically the expenses for care and burial, both of those documents made it clear that the settlement made and approved discharged defendant "from any and all claims, demands and controversies of every nature whatsoever existing or to exist as a result of an automobile accident which occurred * * * on the 2d day of June, 1940, resulting in the death of Augusta Boell." This necessarily included two of the items for which plaintiff sued after the settlement had been made and approved. There is nothing in the record to indicate that the relations between father and son were not intimate and confiding as prompted by natural impulses during the entire period covered by the negotiations or that the settlement as made was tainted by fraud. On the entire case, when viewed from every standpoint on appeal, the conclusion is that the jury, upon consideration of the evidence and inferences from established facts and circumstances, were warranted in finding that the son acted as the authorized agent of his father in making the settlement pleaded in defense of plaintiff's claim. Having reached this conclusion on the controlling issue in the case, error prejudicial to

plaintiff has not been found in the record.

AFFIRMED.

PAINE, J., dissents.