GEORGE F. WASHINGTON, APPELLEE, V. ANN BESELIN ET AL., APPELLANTS.

4 N. W. (2d) 753

FILED JUNE 26, 1942. No. 31224.

*Abrahams, McGrath & Frenzer, Gross & Crawford* and *Harry L. Welch,* for appellants.

*Vincent J. Murphy* and *Edward F. Fogarty, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This is an appeal by Ann Beselin and Ray L. Beselin from the judgment of the district court for Douglas county rendered against them in a law action, overruling their joint motion for a new trial after the return of a verdict of a jury, duly impaneled, against them in the above entitled cause. In this action George F. Washington, as plaintiff, seeks to recover from all the defendants the $3,000 evidenced by a check of that amount payable to his order. In his petition, in substance, it is alleged that he was employed by Beselin, Inc., as a delivery man, and while so employed a policy of insurance was taken on plaintiff in the Prudential Insurance Company of America, insuring against death and permanent total disability, the face of which policy was $3,000; that the disability benefits were payable to plaintiff; that the policy matured by reason of the total permanent disability of plaintiff on or about January 27, 1940, and that a check of $3,000 of the Prudential Insurance Company, the insurer under the policy, payable to the order of plaintiff, was delivered to the office of defendant Ann Beselin in Omaha, Nebraska, in payment of the disability claim of plaintiff. Plaintiff further alleges that all of the defendants, except the Omaha National Bank, were either related or associated; that Ann Beselin acting for herself and for all other defendants, except the Omaha National Bank, in pursuance of a conspiracy between the defendants other than the bank, and in pursuance of a common plan, secured the plaintiff's indorsement on such check, cashed the same and defrauded plaintiff of the money represented thereby. Plaintiff alleges that he did not voluntarily deliver the check to defendants, but through their artifices and false representations the check was obtained from him by defendants and appropriated to their own use. It is further alleged, in substance, that, after plaintiff had subscribed his signature on the back of said check, defendant Ann Beselin seized it by force and violence and made off with it, without consent of plaintiff, before he could make effective resistance and that he was unable to pursue her on account of his physical condition.

He further alleges that the purpose of the defendants was to enrich themselves at the expense of plaintiff without consideration to him. In his petition plaintiff prays: "Judgment against the defendants and each of them for Three Thousand Dollars ($3,000) as for money had and received, and for interest," etc.

The answer of the defendants Ann Beselin and Ray L. Beselin admits the employment of plaintiff as alleged, "and that while the plaintiff was so employed a policy of insurance with the Prudential Life Insurance Company of America was taken out by the plaintiff, whereby he was insured in the sum of Three Thousand Dollars ($3,000) against the risks of both death and permanent, total disability. * * *

"Defendants further allege that application was made by the plaintiff for the payment of permanent and total disability benefits in the amount of Three Thousand Dollars ($3,000) on said above mentioned policy. The defendants further allege that a check from the Prudential Insurance Company of America in the amount of Three Thousand Dollars ($3,000) was delivered to the plaintiff and after delivery of said check to the plaintiff said check was indorsed by the plaintiff and delivered to the defendant Ann Beselin in settlement of a previously existing indebtedness of the plaintiff to Ann Beselin; that said check in the amount of Three Thousand Dollars ($3,000) was delivered by the plaintiff to the said Ann Beselin as payment in full for money loaned to the plaintiff by Ann Beselin."

The defendants denied the other allegations of plaintiff's petition and expressly deny that plaintiff has been defrauded in any way.

The plaintiff joined issue by a reply. Trial was had to a jury. During the course of the trial, on motion, the Omaha National Bank was dismissed from the action, and the $3,000 held by it, which represented the $3,000 check in suit held by it in the account of Ray L. Beselin, was ordered paid to the district court, which was done, and said sum of $3,000 is now in the hands of the clerk of the district court subject to final disposition in this case. At the conclusion of plain-

tiff's evidence, Vincent Washington, Beselin, Inc., a corporation, and Washington Sales Company, were dismissed by the district court. The correctness of these dismissals is not questioned by any of the parties to the cause.

It is noted that Ray L. Beselin advances the contention that whatever may be the situation as to his codefendant, Ann Beselin, the evidence, so far as applicable to him alone, is insufficient to sustain the judgment against him. But we have here defendants who not only presented their defense in a law action by a joint answer, but challenged the verdict returned by the jury solely by a joint motion for a new trial. The rule which has long prevailed in this jurisdiction is: "A motion for a new trial is indivisible, and when made jointly by two or more parties, if it cannot be allowed as to all, it must be overruled as to all." *Dutcher v. State,* 16 Neb. 30, 19 N. W. 612.

And, "Where the verdict was against both defendants, and the one against whom there was but insufficient evidence made no motion for a new trial as to himself alone, and judgment was rendered against both, it will not be disturbed." *Long v. Clapp,* 15 Neb. 417, 19 N. W. 467. See, also, *Davey v. Aevermann,* 110 Neb. 62, 192 N. W. 956; *Thomas v. Fundum,* 135 Neb. 728, 283 N. W. 839.

We have here presented conflicting evidence as to the frauds alleged by plaintiff and denied by defendants. The action before us is substantially an action for money had and received. Under the facts and issues here presented, it must be conceded that the present action as to form is properly brought. We are committed to the doctrine: "An action for money had and received will lie to recover money secured from the plaintiff, without consideration, in reliance upon fraudulent representations made by the defendant." *Martin v. Hutton,* 90 Neb. 34, 132 N. W. 727.

Indeed, the true rule is even broader than above set forth. In *School District v. Thompson,* 51 Neb. 857, 71 N. W. 728, we announced the view: "An action in the nature of one for money had and received lies wherever the defendant has obtained possession of money which *ex æquo et bono* he

ought to refund; and it is proper to bring the action against the party who has received the money." See, also, *Nittler-Rhump v. Jones*, 112 Neb. 238, 199 N. W. 542.

The essential issues to be determined are narrowed by the terms of defendants' answer. The original ownership of the $3,000 in the plaintiff is admitted by the answer, and defendants' right thereto is predicated upon an allegation of the "payment" thereof to the defendant Ann Beselin, and that it was accepted and received by her as such. The general rule applicable to the situation here is that payment is a matter of affirmative defense and must be pleaded. 48 C. J. 664.

This jurisdiction has given full recognition to this principle: "The plea of payment is an affirmative defense, and the burden of proving it rests on him who pleads it as a defense." *Farmers Cooperative Mercantile Co. v. Shultz*, 113 Neb. 801, 205 N. W. 288.

And it is also true that the validity and extent of the claim the defendants have against plaintiff is immaterial in this case on the issue of whether it was agreed by the parties to deliver and apply the check of $3,000 as a payment on such claim. 48 C. J. 675; *Lewis v. South Shore Cooperative Ass'n*, 211 App. Div. 831, 209 N. Y. Supp. 428.

The determinable issue in this case is whether the parties involved actually agreed that the $3,000 check or the money derived therefrom was to be a payment made to Ann Beselin. A careful consideration of all the proof discloses that the evidence was in conflict, and the fact of nonpayment was fairly for the jury, and that their determination should be final if the matters involved were fairly submitted to them by the trial court.

It is claimed by the defendants that though Vincent Washington, Beselin, Inc., and the Washington Sales Company, a corporation, were dismissed by the district court, that court in fact submitted the case to the jury as to all the defendants named. The record does not support this contention. Instruction No. 4 given by the trial court is as follows: "You are instructed that the charge of conspiracy

has been withdrawn from your consideration for lack of evidence. You are also instructed that Vincent Washington, Beselin, Inc., Washington Sales Company, a copartnership, and the Omaha National Bank have been dismissed from this cause of action." A verdict consistent with this instruction was returned by the trial jury against "Ann Beselin et al."

It also appears that due to a clerical error the clerk of the court, after the return of the jury's verdict, entered a judgment against all of the defendants named, in violation of the instructions given by the district court. This error was subsequently corrected by order of the trial court, and thus the rights of the defendants were not in any manner adversely affected or impaired.

A careful examination of the evidence and an analysis of the instructions given by the trial court clearly disclose that the several instructions so given are not vulnerable to the attacks made upon them, or any of them; that no prejudicial error appears in the record; and that, in view of the issues presented by the pleadings of the parties, the jury's verdict is amply supported by the proof adduced at the trial.

The judgment of the district court is, therefore

AFFIRMED.